James S. Monroe (SBN 102328)
Gregory E. Schopf (SBN 122862)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
E-mail: jmonroe@nixonpeabody.com

Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.


Joel K. Belway (SNB 60556)
Law Office of Joel K. Belway
235 Montgomery Street, Suite 668
San Francisco, CA 94104
Telephone: (415) 788-1702
Facsimile: (415) 788-1517

Attorneys for Defendant, Stephanie Dodson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F.,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE DODSON,<br><br>    Defendant. | Case No.: C-08-225-SC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>**Hearing**</u><br>Date: February 8, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br>Judge: Hon. Samuel Conti |

### JOINT CASE MANAGEMENT STATEMENT

Plaintiff, Yugen Kaisha, Y.K.F. ("Plaintiff") and Defendant, Stephanie Dodson ("Defendant" or "Dodson"), by and through their respective counsel, as and for their Joint Case Management Statement (the "Statement") pursuant to the *Standing Order for All Judge of the Northern District of California*, respectfully state as follows:

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-08-225-SC

10894093.1

1.  Jurisdiction and Service:

(a)  Jurisdiction. Plaintiff contends that this court has jurisdiction of Plaintiff's complaint pursuant to 28 U.S.C. § 1334 (based upon the Complaint's assertion of avoidance claims arising under 11 U.S.C. §§548, 550 and 544(b)) and 28 U.S.C. §1332 (based upon Plaintiff being a citizen of Japan and Defendant being a citizen of California and the amount in controversy exceeding $75,000).

Defendant contends that this court lacks subject matter jurisdiction under 28 U.S.C. 1334 or, alternatively, Plaintiff lacks standing to assert its claims, in that neither Plaintiff nor Defendant is the debtor, the trustee, or a creditor in the underlying Chapter 7 case. In response, Plaintiff contends that the bankruptcy trustee's sale of the avoidance action to Plaintiff that is the subject of Plaintiff's complaint is validated by Ninth Circuit case law. *Ducker Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc)*, 177 F.3d 774, 781 (9th Cir. 1999); *Simantob v. Claims Prosecutor, L.L.C (In re Lahijani)*, 325 B.R. 282, 288 (9th Cir. BAP 2005). Defendant also contends that if this action remains in this court, exercising its bankruptcy jurisdiction, the pending motion of Martin F. Triano ("Triano") to intervene herein should be granted. That motion was not ruled upon when the bankruptcy court issued on January 7, 2008 its certification for withdrawal.

(b)  Service. All parties have been served, except as to service with respect to Triano's proposed complaint in intervention, which seeks relief against Dodson and Plaintiff.

2.  Facts:

(a)  Complaint. Plaintiff's complaint seeks to avoid and recover Alexander N. Popov's ("Popov") pre-bankruptcy petition transfer of 3,774,000 shares of common stock(the "Popov Shares") of Smart Alec's Intelligent Food, Inc., a California corporation ("Smart Alec's") to Defendant as a fraudulent conveyance under 11 U.S.C. §§ 548(a)(1)(A) and (B), and under 11 U.S.C. §544(b)(1) and California Civil Code §§ 3439.04(a)(1) and 3439.05. Plaintiff claims the right to pursue this avoidance action pursuant to an assignment agreement that Plaintiff entered into with the

JOINT CASE MANAGEMENT STATEMENT           -2-
CASE NO. C-08-225-SC

Chapter 7 Trustee of Popov's bankruptcy estate which was authorized and approved by order of the bankruptcy court on July 31, 2007. Plaintiff maintains that the Popov Shares were transferred to the Defendant (now, Popov's wife) shortly before Popov filed for bankruptcy on September 6, 2005 with the actual intent to hinder, delay or defraud Popov's creditors by removing said shares from the bankruptcy estate and thereby retaining control of Smart Alec's to the exclusion of Popov's creditors.

Defendant disputes Plaintiff's contentions and contends she purchased in April 2004, for reasonably equivalent value, Popov's residual interest in his shares of Smart Alec's that were pledged to Plaintiff as security for an obligation of hundreds of thousands of dollars. Defendant contends there was no actual or constructive fraud in her purchase of the residual interest in Popov's shares.

(b)     <u>Counterclaim</u>. Defendant's counterclaim alleges a state law based contract claim regarding a Closing Agreement re Payoff of Secured Redemption Promissory Note dated March 12, 2007, which satisfied all obligations arising out of a Settlement Agreement dated February 6, 2004 among Plaintiff, Defendant, Popov (who is the Chapter 7 debtor herein) and Smart Alec's, and related agreements, including the Stock Redemption Agreement, dated February 6, 2004, between Smart Alec's and Plaintiff, whereby Smart Alec's agreed to repurchase Plaintiff's 1,440,000 shares of common stock of Smart Alec's (the "Plaintiff Shares"). This Stock Redemption Agreement was entered into as part of the Settlement Agreement, to settle a lawsuit filed by Plaintiff regarding a dispute concerning the accounting and management of Smart Alec's and the use of the funds Plaintiff invested in Smart Alec's to purchase the Plaintiff Shares. Pursuant to the Settlement Agreement and Stock Redemption Agreement, Smart Alec's agreed to repurchase the Plaintiff Shares for $775,000 as provided therein. On March 12, 2007, the balance due under the Stock Redemption Agreement was paid to Plaintiff and the Plaintiff Shares were transferred to Smart Alec's.

By the counterclaim, Defendant alleges that Plaintiff delayed the payoff of the amount due under the Settlement Agreement and Stock Redemption Agreement, causing additional amounts to

JOINT CASE MANAGEMENT STATEMENT            -3-
CASE NO. C-08-225-SC

have to be paid at the closing for accrued interest and attorneys' fees, and based thereon, seeks money damages from Plaintiff, contending that Plaintiff's actions constituted a bad faith breach of contract.

(c.)  <u>Complaint in Intervention</u>. Defendant contends that Triano's proposed Complaint in Intervention against Dodson and YKF seeks relief as to Triano's claim of lien against the interest in the shares of Smart Alec's purchased by Dodson from Popov before Chapter 7 petition herein and as to any recovery by YKF as to shares of Smart Alec's. Plaintiff contends that any lien rights that Triano may have with respect to the Popov Shares will be unaffected by Plaintiff's Complaint since no relief against Triano is sought and that the establishment of Triano's lien rights would require the determination by this court of his alleged claim amount—which is the subject of a complicated attorney's fees and malpractice lawsuit pending in San Francisco Superior Court and ordered to binding arbitration by that court (as discussed further in Section 4(a)(ii) below).

3. <u>Legal Issues:</u>

(a)  <u>Legal Issues Asserted by the Plaintiff</u>

(i) Whether the Transfer, to extant it is avoided pursuant to § 548 of the Bankruptcy Code, may be recovered by the Plaintiff pursuant to § 550(a)(1) of the Bankruptcy Code.

(ii) Whether the Transfer is voidable by the Unsecured Creditors under California Civil Code § 3439.04(a)(1) and is voidable by Plaintiff as assignee of the Trustee pursuant to Bankruptcy Code §544(b)(1).

(iii) Whether the Debtor was: (1) insolvent on the date of the Transfer, or became insolvent as a result of the Transfer; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of the Transfer.

JOINT CASE MANAGEMENT STATEMENT            -4-
CASE NO. C-08-225-SC

...

(vi) Whether the Transfer is voidable by the Unsecured Creditors under California Civil Code § 3439.05 and is voidable by Plaintiff as assignee of the Trustee pursuant to Bankruptcy Code § 544(b)(1).

(v) Whether the Plaintiff is entitled to injunctive Relief under Rule 7065 of the Federal Rules of Bankruptcy Procedure and California Civil Code § 3439.07.

(vi) Whether the Defendant is entitled to a jury trial in the Action or on her Counterclaim.

(b)   Legal Issues Asserted by the Defendant:

(i) Whether this court has jurisdiction over this matter.

(ii) Whether Plaintiff has standing to assert the claims against Defendant.

(iii) Whether the Plaintiff's actions constituted a bad faith breach of contract, entitled the Defendant to general, special and punitive damages.

(iv) Whether the findings by the bankruptcy court in Triano v. Popov, A.P. No. 05-3485 are collateral estoppel in this court.

(v) Whether Plaintiff must furnish security for costs.

(vi) Whether the action must be dismissed because Plaintiff, a Japanese corporation, has not qualified to transact business in California.

(c)   Legal Issues Asserted by Triano.

(i) Whether he should be allowed to intervene herein.

4.   Motions:

(a)   Pending Motions:

The following motions were pending at the time this case was transferred from the bankruptcy court and were not decided:

JOINT CASE MANAGEMENT STATEMENT                -5-
CASE NO. C-08-225-SC

(i) On November 14, 2007, Plaintiff filed a motion to dismiss Defendant's Counter for lack of subject matter jurisdiction. This motion is moot as a result of the transfer of this action to the district court as the Court has diversity jurisdiction of the Complaint and Counterclaim.

(ii) On November 15, 2007, Triano filed a motion to file his proposed Complaint in Intervention which is opposed by Plaintiff but not Defendant. Triano's proposed complaint in intervention is based upon a pre-bankruptcy agreement allegedly entered into with Popov regarding Triano's provision of various legal services to Popov. As part of this agreement, Triano contends that Popov granted him a security interest for payment of sums due Triano under the fee agreement against certain assets of Popov, including the Popov Shares. Pursuant to his proposed complaint in intervention, Triano seeks, inter alia, declaratory relief against Plaintiff and Defendant regarding the validity of his alleged security interest in the Popov Shares as collateral for the payment of his claim for unpaid attorneys' fees against Popov. Plaintiff opposes Triano's motion to file a complaint in intervention on the grounds that: (1) the court does not have subject matter jurisdiction of the proposed complaint since there is no independent jurisdictional basis for the complaint under 28 U.S.C. §§1332 and 1334 and it falls outside the court's supplemental jurisdiction under 28 U.S.C. §1367(a) and (b);and, alternatively, (2) even if the court were to have subject matter jurisdiction of Triano's proposed complaint, the requirements for intervention are not met and, accordingly, his motion to intervene should be denied.

While opposing Triano's proposed complaint in intervention on its merits, Defendant agrees that Triano should be allowed to intervene in this adversary proceeding in order that all claims to shares of Smart Alec's be determined in a single forum, at the same time.

Plaintiff contends that intervention by Triano should be denied due to the numerous collateral and complex issues that Triano proposes to inject into this litigation which would make the litigation much more expensive and protracted for Plaintiff. The nature of the action would be transformed

JOINT CASE MANAGEMENT STATEMENT        -6-
CASE NO. C-08-225-SC

from a relatively straightforward avoidance action, to one involving a highly complex and contentious attorney's fees and malpractice dispute regarding the nature and amount of attorney's fees that Triano may be entitled to recover. Plaintiff contends that intervention cannot be used to so radically alter the scope of its lawsuit, causing it delay and prejudice.

(iii) On November 29, 2007, Defendant filed a motion to amend her answer (which is not opposed by Plaintiff) and to compel Plaintiff to furnish security for costs (which is opposed by Plaintiff).

(b) <u>Anticipated Motions:</u>

Plaintiff presently anticipates filing a motion for injunctive relief as prayed for in the complaint.

5. <u>Amendment of Pleadings:</u>

Excepting Defendant's pending motion to amend her Answer and issues that may arise if Triano's intervention motion is granted, the Parties do not presently anticipate that any further amendment of pleadings will be necessary.

Defendant presently anticipates a motion addressing whether Plaintiff can maintain this action while not qualified to do business in California.

6. <u>Evidence Preservation:</u>

The Parties have taken all reasonable steps to preserve evidence relevant to the issues reasonable evident in the action, including the preservation of all computer data and physical documents and records since the filing of this Action.

7. <u>Disclosures:</u>

The Parties have not yet made the initial disclosures required by Fed. R. Civ. P. 26 as the bankruptcy court stayed disclosures and all discovery in this action, pending further order of the court, at the status conference held on November 15, 2007.

JOINT CASE MANAGEMENT STATEMENT                                -7-
CASE NO. C-08-225-SC

8. Discovery:

No discovery has been taken to date in this Action as a result of the bankruptcy court's stay order discussed in Section 7 hereof. Plaintiff requests that a discovery cutoff date be set for August 15, 2008 (meaning that all responses to written discovery requests are due on or before this date and all depositions must be completed on or before this date, except for discovery with respect to expert witnesses).

Defendant requests that discovery be stayed until the court rules on Defendant's motion for security for costs and Triano's motion to intervene.

9. Class Action:

Not Applicable.

10. Related Cases:

There are no pending related actions between Plaintiff and Defendant. There are several actions between Triano, on the one hand, and Defendant and Popov, on the other, as follows: (a) Case No. CGC-04-427956 pending in the San Francisco Superior Court, which has been ordered to binding arbitration (which Defendant contends is stayed by Popov's bankruptcy and Plaintiff believes is not stayed by the bankruptcy), which concerns Triano's attorney's fees claim against Popov and malpractice claims against Triano; and (b) Case No. RG-07-322877 pending in the Alameda County Superior Court which involves, *inter alia,* a further attempt by Triano to recover the attorney's fees claimed due from Smart Alec's and Defendant and establish his claimed security interest in the Popov Shares transferred to Defendant.

11. Relief:

(a) Relief sought by the Plaintiff in the Complaint:

The Plaintiff seeks the following relief: (i) that the Transfer of the Shares to Defendant be set aside and declared null and void; (ii) that the Defendant be required to transfer and deliver up the

Shares to Plaintiff; (iii) that Defendant and her representatives, attorneys, and agents be enjoined and restrained from selling, transferring, conveying, or otherwise disposing of any of the Shares or of any interest therein until Plaintiff's rights to the Shares have been fully adjudicated and that a temporary restraining order and preliminary injunction be granted to Plaintiff; (iv) that the judgment herein be declared a lien on the Shares; (v) that an order be made declaring that the Defendant holds the Shares in trust for the Plaintiff; (vi) that Defendant be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for the Shares and/or attributable to her equity interest in Smart Alec's based upon the Shares; (vii) that if the Defendant has disposed of any of the Shares or any interest therein, that she be required to account to Plaintiff for the proceeds; (viii) for compensatory damages according to proof; (ix) for costs of suit incurred herein; and (x) for such other and further relief as the Court may deem proper.

(b)   <u>Relief sought by the Defendant in her Counterclaim:</u>

The Defendant seeks the following relief: (i) for judgment in favor of the Defendant and against the Plaintiff for general, special and punitive damages, according to proof at trial; (ii) costs of suit incurred; (iii) attorneys fees to the extent allowed by law; and (iv) such other and further relief as the Court may deem meet in the premises.

(c)   <u>Relief Sought by Triano in his Complaint in Intervention.</u>

Defendant contends that Triano seeks relief as to the Smart Alec's shares and monetary relief under a claim on a promissory note. As discussed above, Plaintiff contends that the relief requested by Triano is much more complex than the Defendant's description conveys and would require this court to determine the amount of Triano's alleged claim—which is the subject of a complicated attorney's fees and malpractice lawsuit pending in San Francisco Superior Court and ordered to binding arbitration.

JOINT CASE MANAGEMENT STATEMENT            -9-
CASE NO. C-08-225-SC

12. <u>Settlement and ADR:</u>

Plaintiff is willing to stipulate to an ENE or mediation session with Defendant at this time and does not believe that any prior discovery is necessary. No ADR efforts have been taken by the Parties to date.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Plaintiff does not consent to a magistrate judge to conduct all further proceedings including trial and entry of judgment; Dodson does so consent.

14. <u>Other References:</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

The parties do not presently request bifurcation of issues, claims, or defenses.

16. <u>Expedited Schedule:</u>

This case cannot be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling:</u>

Plaintiff proposes that (a) initial disclosures be exchanged on or before February 15, 2008, (b) the completion of discovery as set forth in Section 8 hereof, (c) the disclosure of expert witnesses on or before July 15, 2008, (d) the filing of all potentially dispositive motions by September 15, 2008, and (e) the setting of a pretrial conference for shortly after the expiration of the discovery period. The parties should be ready for trial by December 2008. Defendant proposes that scheduling, initial disclosures and discovery be addressed by the court when it rules upon Triano's motion in intervene.

18. <u>Trial:</u>

The Defendant has requested a jury trial. The Plaintiff objects to this request for all purposes in this Action and contends that the Defendant is not entitled to a jury trial on the issues asserted in

Plaintiff's Complaint and that the Defendant has waived her right to a jury trial on her Counterclaim by electing to file her counterclaim herein (which Plaintiff contends is permissive).

19. <u>Disclosure of Non-Party Interested Entities or Person:</u>

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16, certifying as follows: Plaintiff is 83% owned by Sejii Tahahashi and 17% owned by Fuji Chemical, Ltd. Defendant is in the process of filing her certification, certifying as follows: Alexander N. Popov, Defendant's husband; and Smart Alec's.

Dated: February 1, 2008        NIXON PEABODY LLP

By: /s/ James S. Monroe
Attorneys for Yugen Kaisha, Y.K.F.

Dated: February 1, 2008        Law Office of Joel K. Belway

By: /s/ Joel K. Belway
Attorney for Stephanie Dodson