1    JOEL K. BELWAY [60556]
     THE LAW OFFICE OF JOEL K. BELWAY
2    Professional Corporation
     235 Montgomery Street, Suite 668
3    San Francisco, California 94104
     Telephone:  415-788-1702
4    Facsimile:   415-788-1517

5    Attorney for Defendant
     and Counterclaimant
6    STEPHANIE DODSON

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| In re: | )Case No. 05-32929 |
| | ) |
| ALEXANDER N. POPOV, | )Chapter 7 |
| | ) |
|        Debtor. | ) |
| _____ | ) |
| | )A.P. No. C-08-225-SC |
| YUGEN KAISAH, Y.K.F. | ) |
| | )**MOTION OF STEPHANIE DODSON FOR** |
| | )**(1) ABSTENTION, OR, ALTERNATIVE-** |
| STEPHANIE DODSON, | )**LY, (2) FOR A STAY, AND (3) FOR** |
| | )**SECURITY FOR COSTS** |
|        Defendant. | ) |
| _____ | )Date: April 25, 2008 |
| | )Time: 10:00 a.m. |
| STEPHANIE DODSON, | )Court: Judge Conti |
|       Counterclaimant, | ) |
|    vs. | ) |
| | ) |
| YUGEN KAISAH, Y.K.F. | ) |
| | ) |
|        Claimant. | ) |
| _____ | ) |

      COMES NOW defendant and counterclaimant, STEPHANIE DODSON

("Dodson"), and moves the Court (1) to abstain from hearing this

bankruptcy adversary proceeding for which Bankruptcy Judge Thomas

Carlson has withdrawn the bankruptcy reference, or,

alternatively, (2) for an order staying the proceeding because of plaintiff, YUGEN KAISAH, Y.K.F.("YKF"), has failed to qualify to do business in the State of California, although it is doing business in the State, and (3) to compel YKF to furnish security for costs (the "Motion").

### INTRODUCTION

This Court is sitting as the bankruptcy court in presiding over this adversary proceeding originally brought by YKF in the bankruptcy court in San Francisco. On January 7, 2008, Judge Carlson certified that the reference of the adversary proceeding to the bankruptcy court was withdrawn in the face of Dodson's filing of her counterclaim against YKF (the "Counterclaim") on "which she properly demanded trial by jury," Certification for Withdrawal of Reference filed January 7, 2008, and in the absence of Dodson's consent to a jury trial in the bankruptcy court.

### CLAIMS

YKF filed its complaint herein (the "Complaint") for an alleged fraudulent transfer to Dodson by debtor, Alexander Popov ("Debtor"), of Debtor's interest in certain shares of corporate stock of Smart Alec's Intelligent Foods, Inc., a California corporation ("Smart Alec's"). As she testified at the trial in the bankruptcy court in an objection to discharge proceeding, *Triano v. Popov*, A.P. No. 05-3485 (the "Triano AP"), Dodson purchased, under a share purchase agreement dated April 18, 2004

(the "Share Purchase Agreement"), for a price of $12,500, Debtor's residual interest in 3,744,000 Smart Alec's shares (the "Shares"), which were, as of April 2004, pledged to YKF as security for hundreds of thousands of dollars of indebtedness.

The Share Purchase Agreement is attached as Exhibit 3 to the Complaint. YKF filed in the bankruptcy court a motion to dismiss the Counterclaim, and attached as Exhibit 1 to that motion a copy of a confidential settlement agreement and release among YKF, Smart Alec's, Debtor and Dodson dated February 6, 2004 (the "Settlement Agreement") settling an Alameda County Superior Court suit brought by YKF against Smart Alec's, Dodson and Debtor, No 2002-061123 (the "YKF State Court Action"); at page 2, paragraph 2.b, of that agreement, Debtor agreed to pledge the Shares to YKF. Thus, at the time of the transfer that is the subject of its Complaint, which YKF alleges was intended to hinder, delay or defraud creditors, YKF had physical possession of the Shares.

Martin F. Triano ("Triano"), the plaintiff in the Triano AP, has sued Dodson (and Smart Alec's) in a new Alameda County Superior Court, in *Triano v. Dodson, et al.*, No. RG-07-322877 (the "Alameda SCT Action"), alleging that he, Triano, has a first lien on the Shares. Triano also seeks to intervene in this proceeding, contending that because ownership of the Shares is being litigated herein, he has an interest, as a lien claimaint, in protecting himself.

In the Counterclaim, Dodson alleges that, in delaying Dodson's final payoff of the balance of indebtedness to YKF (the same $775,000 indebtedness, secured by the Shares and assets of Smart Alec's, that is the subject of the Settlement Agreement), YKF extracted from Dodson the sum of approximately $90,000 in increased fees and charges by delaying, in bad faith, the payoff.

YKF, after its final extraction from Dodson under the Settlement Agreement, came to the bankruptcy trustee in the underlying Chapter 7 case herein and acquired, for $30,000, the bankruptcy estate's avoidance rights.

<strong>ARGUMENT</strong>

This case poses a curiosity: an adversary proceeding brought in the bankruptcy court by a plaintiff alleging a fraudulent conveyance, in which the plaintiff is neither a bankruptcy trustee nor bankruptcy debtor nor is it a creditor of the bankruptcy estate. Moreover, the defendant is neither a debtor nor a creditor of the bankruptcy estate. In fact, only Triano has a stake in the bankruptcy case, because he is a creditor, albeit a disputed one.

**A. This Court should abstain from hearing this proceeding.**

A bankruptcy court may abstain from hearing an adversary proceeding "in the interest of justice, or in the interest of comity with state courts or respect for state law." 28 U.S.C. Sec. 1334(c)(1). Among the factors considered by courts in determining whether permissive abstention is appropriate are: the

extent to which state issues predominate over bankruptcy issues,
the presence of a related proceeding commenced in the state
court, the jurisdictional basis, if any, other than 28 U.S.C.
Sec. 1334, the degree of relatedness or remoteness of the
adversary proceeding to the main bankruptcy case, the likelihood
that commencement of the proceeding in the bankruptcy court
involves forum shopping, the right to a jury trial, and the
presence of nondebtor parties. March, Ahart & Tchaikovsky, CAL.
PRAC. GUIDE: BANKRUPTCY (The Rutter Group 2007), 1:740, p. 1-61-
62, (citing *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th
Cir. 1990); *In re Eastport Assocs.*, 935 F.2d 1071, 1075-1076 (9th
Cir. 1991); *In re Lazar*, 200 B.R. 358, 372 (Bkrtcy C.D. Calif.
1996)).

In this case, there is neither a debtor nor trustee, and the
only creditor involved, Triano, is not named in the Complaint.
The Complaint (and Dodson's Counterclaim) do not impact the
bankruptcy estate; whether YKF or Dodson wins or loses, there
will be no more or less money in the bankruptcy estate for
payments to Alex Popov's creditors. YKF alleges both the
Bankruptcy Code and the California Code of Civil Procedure
provisions dealing with alleged fraudulent conveyances, so this
is not a case in which, on the plaintiff's own terms, only
federally originated claims are made.

YKF could have brought this proceeding against Dodson in the
Alameda County Superior Court; it knows the way, having sued

Dodson and Debtor there previously in the YKF State Court Action. The fact that, with the purchase of the bankruptcy trustee's rights to assert avoidance actions, YKF sued in the bankruptcy court versus returning to the Alameda County Superior Court suggests forum shopping on its part. And there is Triano's pending Alameda SCT Action against Dodson and Smart Alec's; Dodson submits that if the Court were to abstain herein, YKF would sue again in the state court. In other words, YKF will not be without a forum to adjudicate its claims against Dodson (and her claims against YKF).

Someone who buys an asset from a bankruptcy estate, in this instance a cause of action for an alleged fraudulent conveyance, should not have use of the bankruptcy courts to try that action where there are other courts of competent jurisdiction. For that reason, the Court should abstain.

**B. This proceeding should be stayed because YKF has not qualified to do business in California.**

If the Court does not abstain, YKF asks that it stay the action because of YKF's incapacity maintain this proceeding because it is not qualified to do business in California, and, potentially, it may not have capacity to sue under Japanese law.

Under California law, a foreign corporation not qualified to do business in California may not maintain an action in California courts, Corporations Code Section 2203(c). Defendant submits that rule should also preclude Plaintiff's maintaining

6

this proceeding. YKF, of course, describes itself as a foreign corporation with no California presence. The following action's by YKF, disclosed upon the record of this proceeding, constitute a California presence

(1) investing $720,000 in California in shares of Smart Alec's, a California corporation that operates a single restaurant in on Telegraph Avenue in Berkeley, California; then

(2) suing in the Alameda County Superior Court over that investment through the same attorneys who represent it in this proceeding; then

(3) settling that suit in February 2004 by the Settlement Agreement, which was (a) entered into in California, secured (b) by a pledge in California of Smart Alec's shares and (c) by a UCC-1 filing in Sacramento, California for Smart Alec's assets and specifying California as the source of law for any disputes; then

(4) entering into a closing agreement with Dodson in March 2007 in California, which is the subject of her Counterclaim, specifying California law and calling for payment by Dodson to YKF to the trust account of YKF's attorneys in San Francisco (who represent YKF herein); then

(5) purchasing the avoidance rights sued upon herein from a bankruptcy trustee in San Francisco, under an agreement entered into in San Francisco and approved by the bankruptcy court, sitting in San Francisco; and then

MOTION FOR STAY, ETC.

1   (6) suing on the avoidance rights in a federal court in San

2   Francisco.

3   **C. The Court should compel YKF to furnish security for**

4   **costs.**

5   Alternatively, Dodson also seeks an order that YKF, which

6   alleges that it is a Japanese corporation, furnish security for

7   costs. Specifically, YKF should be required to furnish $25,000 in

8   security, or such other sum as the Court deems reasonable.

9

10   This Court has the power to require Plaintiff to post

11   security under the federal courts' power to tax costs. *Anderson*

12   *v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir.

13   1993). Federal courts follow the forum state's practice with

14   regard to security for costs. *Simulnet East Assocs. v. Ramada*

15   *Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

16   California law provides in CCP Section 1030 that a defendant

17   may file a motion for an order requiring a nonresident or foreign

18   corporation plaintiff to furnish an undertaking for costs and

19   attorney's fees.

20   Without knowing what discovery will have to be taken and how

21   cooperative YKF will be in bringing witnesses from Japan or North

22   Carolina (where YKF's agent, with whom Dodson was dealing before

23   she paid off the debts to Defendant under the Settlement

24   Agreement, was or is located), Dodson could face significant

25   costs, beyond her attorney's fees, in defending this proceeding.

26   California CCP Sec. 1033(a)(3) includes deposition transcripts

27

28

8

1  and travel expenses to attend depositions as allowable items of

2  costs. Accordingly, Dodson asks that YKF be made to furnish a

3  $25,000 undertaking.

4                                    Respectfully submitted,

5
   Dated: February 29, 2008          THE LAW OFFICE OF JOEL K. BELWAY
6                                     Professional Corporation

7                                     /s/ Joel K. Belway
                                      JOEL K. BELWAY
8                                     Attorney for Stephanie Dodson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR STAY, ETC.**

**DECLARATION OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  On February 29, 2008, I served the attached **Motion of Stephanie Dodson for (1) Abstention, or Alternatively, (2) for a Stay, and (3) for Security for Costs** on the interested parties in this action by placing true copies thereof in sealed envelopes and transmitting said envelopes to the following addresses by the means indicated:

<u>Via First-Class U.S. Mail</u>

James S. Monroe, Esq.
Gregory E. Schopf, Esq.
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996

Mark D. Byrne, Esq.
Triano & Byrne
25 Jessie Street
16th Floor
San Francisco, CA 94105-2749

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 29, 2007, at San Francisco, California.

<u>\s\ Joel K. Belway</u>

10