James S. Monroe (SBN 102328)
Gregory E. Schopf (SBN 122862)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>STEPHANIE DODSON,<br><br>　　　　　　　　Defendant. | Case No.: 3:08-CV-00225-SC<br><br>**MEMORANDUM OF LAW IN OPPOSITION OF MOTION FOR INTERVENTION BY MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F.TRIANO**<br><br>**Hearing**<br>Date:　　April 25, 2008<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 1<br>Judge:　　Hon. Samuel Conti |

Yugen Kaisha, Y.K.F. ("YKF" or the "Plaintiff"), plaintiff in the above-captioned action, hereby submits this opposition (the "Opposition") to the motion (the "Intervention Motion") of Martin F. Triano dba Law Offices of Martin F. Triano ("Triano") to file a complaint in intervention in this action pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure and Rule 24 of the Federal Rules of Civil Procedure, respectfully states as follows:

**PRELIMINARY STATEMENT**

The Intervention Motion should be denied on the grounds that: (1) Triano has failed to establish the ground for intervention as of right, (2) this Court does not have subject matter

jurisdiction with respect to the Triano Complaint since there is no independent jurisdictional basis for the complaint under §28 U.S.C. §1334(b), an intervention by Triano would destroy diversity jurisdiction, and it falls outside the court's supplemental jurisdiction under 28 U.S.C. §1367(a), and therefore, Triano is not entitled to permissive intervention; and, alternatively, (3) even if the Court were to have subject matter jurisdiction over the Triano Complaint, the requirements for permissive intervention are not met and, accordingly, the Intervention Motion should be denied.

## BACKGROUND

On September 6, 2005 (the "Petition Date") Alexander N. Popov (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). See Bankr. N.D. Cal. Case No. 05-32929 (the "Bankruptcy Case").

On September 5, 2007, YKF filed its complaint (the "YKF Complaint") which seeks to avoid and recover the Debtor's prepetition transfer of 3,774,000 shares of common stock (the "Smart Alec's Shares") of Smart Alec's Intelligent Food, Inc., a California corporation ("Smart Alec's") to Dodson as a fraudulent conveyance. YKF has the right to pursue this avoidance action pursuant to an assignment agreement entered into with the Chapter 7 Trustee of the Debtor's bankruptcy estate which was authorized and approved by an order of the bankruptcy court entered on July 31, 2007.

YKF maintains that the Smart Alec's Shares were transferred to Dodson shortly before the September 6, 2005 petition date with the actual intent to hinder, delay or defraud the Debtor's creditors by removing the Smart Alec's s Shares from the bankruptcy estate and thereby retaining control of Smart Alec's to the exclusion of the Debtor's creditors. See Bankr. N.D. Cal. Case No. 07-03104 (the "YKF Action"). A summons was properly executed on the Defendant on September 7, 2007.

On January 7, 2008, the Bankruptcy Court entered its *Certification for Withdrawal of Reference and Assignment to District Judge* and the YKF Action was subsequently transferred to this Court. See N.D. Cal. Case No. 08-00225.

On or about February 25, 2008, Triano filed the Intervention Motion, seeking, inter alia, to intervene in the Action and seeking a declaratory judgment that he holds a security interest on the Shares, asserting that they should be turned over to him directly by either YKF or the Defendant.

Triano's proposed complaint (the "Triano Complaint") in intervention alleges, inter alia, a state law based contract claim related to a prepetition agreement allegedly entered into with the Debtor regarding Triano's provision of various legal services to the Debtor. As part of the contract, Triano contends that the Debtor granted him a security interest for payment of sums due Triano under the fee agreement against certain assets, including the Smart Alec's Shares. Pursuant to his proposed complaint in intervention for declaratory relief against YKF and Dodson (which is in addition to his complaint against Dodson and Smart Alec's concerning this dispute which is presently pending in Alameda County Superior Court), Triano is essentially seeking to liquidate his attorney's fees claim for services allegedly provided to the Debtor and establish the validity of his alleged security interest in the Smart Alec's Shares as collateral for the payment thereof. Since the Debtor has received a discharge of any personal obligation to pay any amounts owing to Triano under the alleged fee agreement, the relief sought concerns the alleged collateral, not the Debtor.

## ARGUMENT

### A. The Requirements For Intervention Under Rule 24 Are Not Met In This Case

In this Opposition, YKF takes no position as to the validity or enforceability of Triano's alleged security interest, rather, even assuming *arguendo* that such security interest is valid and enforceable, Triano is still not entitled to intervention for the reasons more fully discussed below.

#### (i) Triano is Not Entitled to Intervene As of Right Pursuant to Rule 24(a)(2)

Intervention of right under Rule 24(a)(2) involves a four-part test, each of which must be satisfied. See, Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party seeking to intervene as of right must meet the following four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. Id. The Triano Complaint fails to satisfy two of these requirements – that he have a significantly protectable interest in the lawsuit to merit intervention and that the resolution of YKF's claims will actually affect Triano. Id.

#### (1) Triano Has No Significant Protectable Interest

As discussed above, the YKF Complaint seeks to avoid and recover the Smart Alec's shares transferred by the Debtor to Dodson as a fraudulent conveyance. By this action, YKF does not seek any relief regarding Triano's claimed security interest in the shares and any such interest will be unaffected by the fraudulent conveyance action; meaning that whatever possible enforceable security rights that Triano has with respect to the Smart Alec's Shares will continue regardless of whether the transfer to Dodson is avoided as a fraudulent conveyance. The relief requested in the YKF Complaint, does not and will not affect any alleged interest of Triano.

#### (2) The YKF Action Does Not Impair Or Impede Triano's Alleged Security Interest

Triano posits that he may be inconvenienced if YKF prevails on the YKF Complaint and if it subsequently becomes necessary for Triano to enforce any alleged security interest directly against YKF. However, this result is highly speculative and does not support intervention. The mere fact that intervention may be convenient for Triano does not establish a right to intervene in YKF's lawsuit. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (U.S. 1978)

Triano also argues that he may have an interest in any funds that YKF may receive in settlement of the fraudulent conveyance action as proceeds of his alleged collateral. This is clearly incorrect as any such settlement would be attributable to the avoidance action, not to a sale or exchange of the Smart Alec's Shares.

Since Triano has not, and cannot, establish any real impairment of a significant right that he will suffer as a result of the fraudulent conveyance action, intervention as of right under Rule 24(a)(2) is unavailable to him.

### B. Permissive Intervention By Triano Under Rule 24(b)(2) Inappropriate

#### (i) The Court Does Not Have Subject Matter Jurisdiction With Respect to Triano's Proposed Complaint in Intervention.

Rule 24 of the Federal Rules of Civil Procedure does not alter or displace subject matter jurisdiction requirements for permissive intervention. *See Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). "The status of a proposed intervenor affects the Court's ability to retain subject matter

jurisdiction over a diversity case. A party entering through permissive intervention must establish a jurisdictional basis independent of the Court's jurisdiction over the claims in the original action." *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418, 422 (D. Del. 1985). A district court has subject matter jurisdiction to adjudicate a complaint in intervention only if there is an independent jurisdictional basis for the counterclaim as provided by 28 U.S.C. §§ 1332 or 1334(a) or it falls within the court's supplemental jurisdiction under 28 U.S.C. §1367(a).

### (1) The Triano Complaint Does Not Fall Within The Auspices of this Court's Bankruptcy Jurisdiction.

Pursuant to 28 U.S.C. §1334(a) the district courts have "original and exclusive jurisdiction of all cases under [the Bankruptcy Code]." Unlike YKF's complaint which asserts avoidance claims arising under the Bankruptcy Code (11 U.S.C. §§548, 550 & 544(b)), the Triano Complaint is based solely upon state law, exists apart from the Bankruptcy Case, does not involve or have any conceivable potential impact on the bankruptcy estate. By the Triano Complaint, Triano seeks to liquidate his discharged claim for prepetition attorney's fees allegedly owing by the Debtor, establish a junior security interest for this claim in the Smart Alec's Shares, and obtain certain relief against Dodson and YKF only. Accordingly, the Triano Complaint is not within the statutory grant of this Court's bankruptcy jurisdiction under 28 U.S.C. § 1334(a).

### (2) The Triano Complaint Destroys the Diversity Jurisdiction of this Court.

An alternative basis for this Court's jurisdiction over the YKF Action is this Court's diversity jurisdiction. 28 U.S.C. § 1332(a) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (a) citizens of difference states; (2) citizens of a State and citizens or subjects of a foreign state . . ." 28 U.S.C. § 1332(a). The statute giving rise to diversity jurisdiction is to be strictly construed. *Healy v. Ratta*, 292 U.S. 263, 270 (U.S. 1934)

Where a party seeks to intervene, a court must determine whether the potential intervenor should be aligned as a plaintiff or defendant. *Neuman v. Baker*, 2006 U.S. Dist. LEXIS 86691, *7 (S.D. Cal. 2006). YKF, the plaintiff in the YKF Action, is a citizen of Japan, while Dodson, the

defendant in the YKF Action, is a citizen of the state of California. As such, diversity jurisdiction exists between the original defendant and plaintiff. If Triano is permitted to intervene, the Triano Complaint aligns Triano as a plaintiff and Dodson and YKF as defendants. Although diversity of parties exists between Triano and YKF, there is no diversity of parties between Triano and Dodson. Any intervention by Triano would destroy the diversity of citizenship between the parties. If a party seeking permissive intervention, when properly aligned, destroys diversity, then a court cannot allow the intervenor to enter. *Butcher*, 623 F. Supp. at 422.

### (3) The Triano Complaint Does Not Fall Within This Court's Supplemental Jurisdiction

Likewise, Triano's proposed complaint in intervention is not within this Court's supplemental jurisdiction under 28 U.S.C. §1367(a) (*See In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005), which precludes intervention as of right under Rule 24(a)(2). Supplemental jurisdiction extends only to those claims that are "so related to the (plaintiff's) claims…that they <u>form part of the same case or controversy</u> under Article III of the United States Constitution. 28 U.S.C. §1367(a) (emphasis and parentheses added). This embodies a requirement that all claims arise from a "common nucleus of operative facts." *In re Pegasus Gold Corp., supra,* at 1195; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966).

Applying this requirement here, it is clear that the aggregate of operative facts giving rise to Triano's complaint (which seeks to liquidate and enforce certain contract rights under a prepetition contract for attorney's fees) is entirely different from the facts supporting YKF's complaint (for avoidance of the Debtor's prepetition transfer of his shares of Smart Alec's to Dodson). The YKF Complaint and the Triano Complaint bear no logical relation to each other and rest upon different documentary, testimonial and other evidence. Under these circumstances, the Triano Complaint is not within this Court's supplemental jurisdiction.

Since the court does not have an independent basis for federal court jurisdiction with respect to Triano's complaint, permissive intervention under Rule 24(b) is precluded without further analysis. Recent Ninth Circuit cases have reaffirmed that an applicant for permissive intervention must establish an independent basis for jurisdiction. *Northwest Forest Products Council v. Glickman*, 82

F.3d 825, 839 (9th Cir. 1996); *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd*, 64 F.3d 1266 (9th Cir. 1995).

### (ii) Even If This Court Determines An Independent Jurisdictional Basis Over the Triano Complaint Exists, Permissive Intervention Is Inappropriate

Under Rule 24(b)(2), permissive intervention may be appropriate where the original complaint and the complaint in intervention share common questions of fact and law and where permitting such intervention would not unduly delay or prejudice the original parties. The purpose of the rule is to prevent a multiplicity of suits where common questions of law or fact are involved. *Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 97 (2nd Cir. 1990).

Here, as discussed above, there are no significant common questions of law or fact shared by the YKF Complaint and the Triano Complaint. In fact, the operative facts giving rise to the respective complaints are entirely different. Under these circumstances alone, the Court should deny permissive intervention.

However, the Court should also deny intervention by Triano due to the numerous collateral and complex issues that Triano proposes to inject into this litigation which will make the litigation much more expensive and protracted for YKF. The nature of the action would be transformed from a relatively straightforward avoidance action, to one involving what appears to be highly complex and contentious contract and related disputes regarding the nature and amount of attorney's fees that Triano may be entitled to recover and the validity and enforceability of Triano's alleged security interest. Intervention cannot be used to so radically alter the scope of YKF's suit, causing it delay and prejudice. *Id.*

As Triano has not met his burden to establish his entitlement to intervention as of right or to permissive intervention on the merits asserted in the Triano Complaint, it is appropriate to deny the relief sought in the Intervention Motion.

## CONCLUSION

Based upon the foregoing authorities and arguments, YKF respectfully requests that Triano's motion for intervention be denied and for such other relief as the court deems appropriate.

Dated: April 4, 2008                                           NIXON PEABODY LLP


By: /s/ James S. Monroe
James S. Monroe
Attorneys for Yugen Kaisha, Y.K.F.