```
 1  James S. Monroe (SBN 102328)
    Gregory E. Schopf (SBN 122862)
 2  NIXON PEABODY LLP
    One Embarcadero Center, Suite 1800
 3  San Francisco, CA 94111-3996
    Telephone: (415) 984-8200
 4  Facsimile:  (415) 984-8300

 5  Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F.,<br><br>                   Plaintiff,<br>vs.<br><br>STEPHANIE DODSON,<br><br>                   Defendant. | Case No.: 3:08-CV-00225-SC<br><br>**MEMORANDUM OF LAW IN OPPOSITION OF MOTION FOR (1) ABSTENTION, OR ALTERNATIVELY, (2) FOR A STAY, AND (3) FOR SECURITY FOR COSTS**<br><br>**Hearing**<br>Date:    April 25, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br>Judge:  Hon. Samuel Conti |

Yugen Kaisha, Y.K.F. ("YKF" or the "Plaintiff"), the plaintiff in the above-captioned action, hereby submits this opposition (the "Opposition") to the motion (the "Abstention Motion") of Stephanie Dodson ("Dodson" or the "Defendant") for (1) abstention, or, alternatively, (2) for a stay, and (3) for security for costs, respectfully states as follows:

### PRELIMINARY STATEMENT

The Defendant's motion should be denied on the grounds that: (1) where, as here, jurisdiction of Plaintiff's complaint is also based upon diversity of citizenship of the parties, abstention is only permitted in extremely narrow circumstances, none of which arise here; (2) Plaintiff, as assignee, is seeking to prosecute a chapter 7 trustee's avoidance and fraudulent transfer claims and assert rights

that arise under federal bankruptcy law, and as such the federal courts are the best place for their determination; (3) Plaintiff's complaint does not seek recovery upon the conduct of intrastate business, making California Corporations Code § 2203 inapplicable herein; and (4) the requirements for imposition of a bond as security for costs under California Code of Civil procedure § 1030 have not been established by Defendant.

## BACKGROUND

On September 6, 2005 (the "Petition Date"), Alexander N. Popov (the "Debtor") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), which was assigned Case No. 05-32929 (the "Bankruptcy Case").

Prior to the commencement of the Bankruptcy Case, the Debtor transferred 3,774,000 shares of common stock (the "Shares") in Smart Alec's Intelligent Food, Inc. ("Smart Alec's"), a California corporation, to the Defendant herein (who is now the Debtor's wife). During the Bankruptcy Case, the Chapter 7 Trustee of the Debtor's bankruptcy estate and YKF entered into an Assignment Agreement (the "Agreement") whereby the Trustee sold and assigned to YKF, in exchange for YKF's payment of $30,000 to the Trustee and the Estate, all rights, claims, causes of action and remedies of the Trustee and the Estate, or assertable thereby, to avoid and recover the transfer of the Shares to the Defendant as a fraudulent transfer under Bankruptcy Code §§ 544(b), 548 and 550, and California Civil Code §§ 3439-3439.12, inclusive, and any and all right, title and interest of the Estate in and to the Shares (collectively, the "Actions"). Monroe Dec., ¶ 3, Exhibit 1. The purchase and sale of the Actions was authorized and approved by an order of the Bankruptcy Court dated July 31, 2007. Monroe Dec., ¶ 5, Exhibit 2. Thereafter, and to this date, the Plaintiff stands in the shoes of the Trustee and wields the full force of the Trustee's powers with respect to the Actions.

Exercising its right to pursue the Actions, on September 5, 2007, YKF filed a complaint (the "YKF Complaint") in the Bankruptcy Court to avoid and recover the Debtor's prepetition transfer of the Shares alleging the transfer to have been a fraudulent conveyance. In the YKF Complaint, YKF maintains that the Shares were transferred to the Defendant shortly before the Petition Date with the actual intent to hinder, delay, or defraud the Debtor's creditors by removing the Shares from the

-2-

bankruptcy estate and retaining control of Smart Alec's to the exclusion of the Debtor's creditors. See Bankr. N.D. Cal. Case No. 07-03104 (the "YKF Action"). The YKF Complaint alleges five causes of action: two causes of action under Bankruptcy Code § 548, and three causes of action under Bankruptcy Code § 544 with reference to the Trustee's powers under the California Civil Code to avoid fraudulent transfers. A summons was properly executed on the Defendant on September 7, 2007.

On January 7, 2008, the Bankruptcy Court entered its *Certification for Withdrawal of Reference and Assignment to District Judge* and the YKF Action was subsequently transferred to this Court. See N.D. Cal. Case No. 08-00225.

## ARGUMENT

Contrary to Defendant's suggestion, there is nothing "curious" about a suit in a federal court by the assignee of the Trustee's avoidance and fraudulent transfer claims to recover property that a debtor fraudulently conveyed to his spouse for the purpose of injuring his creditors. YKF filed its adversary proceeding against Defendant pursuant to a valid transfer of the Trustee's rights to pursue certain actions. But for the existence of the Bankruptcy Case and the appointment of the Trustee in whom the power to pursue fraudulent transfer claims was originally vested, there would be no avoidance claims to transfer to YKF. As a matter of law – and logic – the YKF Action arises under bankruptcy law and is related to the Bankruptcy Case.

1.  **Abstention in the YKF Action is Improper Under the Circumstances**

    A.  **None of the Judicially-Created Abstention Rules Apply**

    The Defendant has not shown any facts or made any argument that would compel this Court to abstain from exercising its subject matter jurisdiction. In addition to bankruptcy jurisdiction under 28 U.S.C. § 1334(b), this Court has jurisdiction over the YKF Action based on the diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(2). The Plaintiff is a Japanese corporation, the Defendant is a citizen of California and the amount in controversy exceeds $75,000. Monroe Dec. ¶ 2. Accordingly, regardless of the nature of the claims or the questions involved, this Court has original jurisdiction over the YKF Action that it is required to exercise unless some recognized basis for abstention were to exist (which is not the case here). Historically, federal courts have abstained

-3-

from hearing cases in only a few limited circumstances. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941) (abstention to avoid federal court constitutional rulings); Louisiana Power and Light Co. v. City of Thibodaux, 360 U.S. 25 (1959) (abstention because of unclear state law in diversity cases); Burford v. Sun Oil Co., 319 U.S. 315 (1943) (abstention to defer to complex state administrative procedures); Younger v. Harris, 401 U.S. 37 (1971) (abstention to avoid interference with pending state proceedings); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (abstention to avoid duplicative litigation).

"[T]he federal courts have a virtually unflagging obligation to exercise their jurisdiction except in those extraordinary circumstances 'where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" Deakins v. Monaghan, 484 U.S. 193, 203 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976)). With respect to the YKF Action, there is no important countervailing interest to justify abstention, and this Court, having jurisdiction based on the diversity of citizenship of the parties involved, should not abstain from hearing the YKF Action because the Plaintiff is entitled to a federal forum to vindicate its rights and none of the abstention doctrines applies in this case.

**B.     Statutory Abstention is Not Warranted on the Facts of this Case**

As discussed above, another basis for this Court's jurisdiction of the YKF Action is based on the bankruptcy jurisdiction of the federal courts pursuant to 28 U.S.C. § 1334(b), in that the YKF Action arises out of bankruptcy avoidance claims that could have been asserted by the Chapter 7 Trustee, but were instead assigned to YKF. As discussed below, even in the absence of this Court's diversity jurisdiction over the YKF Action (which precludes abstention), abstention would still not be warranted here.

If the Plaintiff had previously filed a parallel case to this one to adjudicate the same issue in a state court, and if that case could be resolved in a timely manner, this Court would be statutorily required to abstain from hearing this case. 28 U.S.C. 1334(c)(2). This is not the situation in the present case. Entitled to choose its forum, the Plaintiff brought the YKF Action in a federal bankruptcy court. The YKF Action was withdrawn to this federal District Court, which has subject matter jurisdiction over the causes of action alleged in the YKF Complaint. No parallel case was

-4-

filed by either YKF or Dodson. Therefore, Dodson's request for abstention must be an appeal to this Court's discretionary statutory abstention power. See 18 U.S.C. § 1334(c)(1).

A district court *may* abstain from hearing an action arising under title 11 or arising in or related to a bankruptcy case "in the interest of justice, or in the interest of comity with State courts or respect for State law" but is not *required* to do so. 28 U.S.C. § 1334(c)(1). The Defendant's Abstention Motion is correct in stating the factors a court considers to determine whether abstention is appropriate:

> the extent to which state issues predominate over bankruptcy issues, the presence of a related proceeding commenced in the state court, the jurisdictional basis, if any, other than 28 U.S.C. Sec. 1334, the degree of relatedness or remoteness of the adversary proceeding to the main bankruptcy case, the likelihood that commencement of the proceeding in the bankruptcy court involves forum shopping, the right to a jury trial, and the presence of nondebtor parties.

Abstention Motion at 4:27-5:14 (citation omitted). These factors do not support granting the relief requested in the Abstention Motion. A court considering these factors in light of the circumstances of this case, however, would conclude that abstention is inappropriate because of the predominance of the bankruptcy issues being litigated. The federal rights YKF asserts in its complaint are formerly those of the chapter 7 Trustee. The drastic remedy of abstention should not be ordered simply because of a change in the identity of the person asserting those rights.

(i)    **Bankruptcy Issues Predominate in the YKF Complaint**

The YKF Complaint contains five counts and each of them arise substantially under federal bankruptcy law. The counts pleaded under Bankruptcy Code § 548 arise solely under federal law, while the counts pleaded under § 544 deal with federal law that incorporates state law by reference. A pre-petition complaint, if YKF had filed one in state or federal court, could not have alleged any of the five counts. The YKF Complaint asserts only those claims that the Plaintiff purchased from the bankruptcy estate pursuant to the Bankruptcy Court's Assignment Order and the Assignment Agreement between the chapter 7 trustee and YKF: the avoidance and recovery of fraudulent transfers from Dodson pursuant to §§ 548(a)(1)(A), 544(b)(1), 548(a)(1)(B), and 544(b)(1) of the Bankruptcy Code. To the extent state law supplies any of the authority for YKF's right to the remedies sought, enforcement of bankruptcy statutes forms the nucleus of all five causes of action.

     Sections 544 and 548 of the Bankruptcy Code explicitly authorize a trustee or a debtor-in-possession to avoid certain pre-petition transfers of property made by a debtor with the intent to hinder, delay, or injure the debtor's creditors. 11 U.S.C. §§ 544, 548. Section 544 is referred to as the "strong arm" provision of the Bankruptcy Code because it gives the Trustee "the status of an ideal creditor who perfected his lien at the last possible moment before the bankruptcy commenced." Aerocon Eng'g, Inc. v. Silicon Valley Bank (In re World Aux. Power Co.), 303 F.3d 1120, 1125 (9th Cir. 2002) (internal quotation omitted). Although most hypothetical liens the Trustee may enforce under Section 544 derive from state law, see e.g. Aerocon, 303 F.3d at 1128 (holding state law, not federal law, governs liens in unregistered copyrights), the rights and powers of the Trustee under Section 544 are conferred by federal law. Anderson v. Conine (In re Robertson), 203 F.3d 855, 864 (5th Cir. 2000). Similarly, the Trustee's powers under Section 548 derive from federal bankruptcy law but are without any reference or recourse to state law. See 11 U.S.C. § 548.

     The Trustee's powers under Sections 544 and 548 can be, and in this case have been, assigned. While under the old Bankruptcy Act such assignments were generally not permitted, see Grass v. Osborn, 39 F.2d 461 (9th Cir. 1930), the Bankruptcy Code does permit a chapter 7 trustee to alienate fraudulent transfer claims, particularly when the estate receives a benefit for all creditors in exchange for the claims. See Briggs v. Kent (In re Professional Inv. Properties Am.) 955 F.2d. 623, 625 (9th Cir. 1992) (holding that a trustee can transfer its avoidance powers to a creditor (1) pursuant to a chapter 11 plan of reorganization, or (2) outside a chapter 11 plan of reorganization where the creditor is pursuing a common interest of all creditors); Duckor Spradling & Metzger v. Baum Trust (In re PRTC, Inc.), 177 F.3d 774, 782 (9th Cir. 1992) (approving the effectiveness of the sale and assignment of certain avoidance claims to a creditor, and allowing such creditor to prosecute those assigned claims); Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani), 325 B.R. 282, 288 (9th Cir. BAP 2005) (approving chapter 7 trustee's sale of certain avoidance powers for $175,000); see e.g. Aerocon, 303 F.3d at 1124 (describing sale of avoidance actions by chapter 7 trustee).

     In this case, the Trustee's sale of the Actions to YKF in exchange for $30,000 was lawful because (i) the assignment was authorized by the Bankruptcy Code, (ii) the Bankruptcy Court "authorize[d] and approve[d] the Trustee's assignment of personal property to [YKF], pursuant to the

terms of the Assignment Agreement," Assignment Order ¶ 2, (iii) neither Dodson nor any other party objected to the assignment at the time it was made, and (iv) no party has asserted since the assignment that YKF is incapable of prosecuting the Trustee's fraudulent transfer claims. The YKF Complaint is proper in its request, inter alia, for the avoidance and recovery of fraudulent transfers from Dodson pursuant to §§ 548(a)(1)(A), 544(b)(1), 548(a)(1)(B), and 544(b)(1) of the Bankruptcy Code.

### (ii) The District Court is the Best Forum for the YKF Complaint

Whether the chapter 7 Debtor's sham transfer of the Shares on the eve of bankruptcy to the Defendant worked an injustice on the Debtor's unsecured creditors is substantially an issue of federal bankruptcy law over which the federal district courts have original jurisdiction. See 28 U.S.C. § 1334; 11 U.S.C. §§ 544, 548. The causes of action under Bankruptcy Code § 548 are solely issues of federal law, and the § 544 actions are federal causes of action that refer to state fraudulent transfer law. In light of the fact that YKF is asserting rights and remedies arising primarily under the federal Bankruptcy Code, it is clear that YKF was not required to have asserted such causes of action in the Alameda County Superior Court or any other state court. Contrary to the Defendant's allegation in the Abstention Motion that YKF is forum shopping by prosecuting bankruptcy claims in a bankruptcy court, YKF asserted its claims in the venue that was proper and most appropriate, the Bankruptcy Court.

### (iii) The Statute of Limitations Would Bar a State Court Action by YKF

Pursuant to 11 U.S.C. § 546(a), the statute of limitations applicable to the Avoidance Actions asserted in the YKF Complaint expired on September 6, 2007. Accordingly, YKF would be barred from re-filing this Action in state court. Under these circumstances, abstention should be denied as the effect of this Court granting abstention would be to leave YKF without any forum at all.

For the reasons cited above, it is clear that the balances weigh heavily against abstention under 28 U.S.C. § 1334(b).

### 2. There Exists No Basis To Stay This Action Under Cal. Corp. Code § 2203

In the Abstention Motion, the Defendant asks this *federal* Court to stay its hearing of the Plaintiff's case because *state* law allegedly would prohibit the Plaintiff from suing in *state* court. In

-7-

response, the Plaintiff urges this Court to follow federal law and procedure with respect to its decision whether to stay the YKF Action. Section 1332(a)(2) of Title 28 explicitly states that the diversity jurisdiction of a federal district court extends to suits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). International plaintiffs routinely file suits in United States District Courts in California without regard to whether they are "qualified to do business in California," as the test fabricated by the Defendant would require. See e.g. Fischer v. Zespri Fresh Produce N. Am., Inc., 2007 U.S. Dist. LEXIS 60563 (E.D. Cal. 2007); Armada Bulk Carriers v. ConocoPhillips Co., Inc., 2007 U.S. Dist. LEXIS 45423 (N.D. Cal. 2007); Advanta Corp. v. Dialogic Corp., 2006 U.S. Dist. LEXIS 28214 (N.D. Cal. 2007) (action dismissed on forum non conveniens rather than jurisdictional grounds).

Further, even if California Corporations Code § 2203 were applicable in federal court, it would only prohibit YKF [a foreign corporation] from "maintain[ing] any action or proceeding upon any *intra*state business so transacted" in any California court, unless it qualifies to do business in California. Section 2203 by its express terms has no applicability where, as here, the matter sued upon arises out of the transaction of *inter*state business. Unlike suspended corporations, § 2203 does not disable a non-qualified foreign corporation from suing, it merely precludes a lawsuit thereby on intrastate business until compliance. Here, as set forth in the Declaration of James S. Monroe filed in support of this opposition, YKF, a Japanese corporation with its principal place of business in Japan, instructed its counsel to contact the bankruptcy Trustee to negotiate the purchase of the Avoidance Actions from the bankruptcy estate. Thereafter, the Assignment Agreement for the sale of the Actions was prepared by counsel for YKF and emailed to YKF in Japan for execution and return, and subsequent approval by the bankruptcy court and execution by the bankruptcy Trustee. This activity clearly does not arise out of the conduct of intrastate business within the meaning of section 2203. A foreign corporation's purchase of an asset from a resident of California is business done in interstate commerce, not intrastate commerce. Charlton Silk Company v. Jones (1923) 190 Cal. 341. In addition, though negotiations are carried on within California by an agent of a foreign corporation, the corporation is not transacting intrastate business within the state where the final acceptance of the

-8-

OPPOSITION TO MOTION FOR ABSTENTION
CASE NO.: 3:08-CV-00225-SC

10956883.2

offer which results from the negotiations is made by the foreign corporation at its office outside the California. Thorner v. Selective Cam Transmission Co. (1960) 180 Cal. App. 2d 89, 91.

There is no authority upon which this Court should stay the YKF Action, nor has the Defendant articulated any reason why this Court should do so. The Defendant's request for a stay should be denied.

### 3. The Plaintiff Should Not Be Ordered to Post an Undertaking Because The Statutory Requirements Are Not Established

While the Defendant is correct to state that federal courts have a general practice of looking to state law to determine whether a security bond should be posted for litigation costs, Simulnet East Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994), Defendant has failed to establish the required elements for imposition of a bond under California Code of Civil Procedure Section 1030.

It is undisputed that YKF is a foreign corporation with no U.S. presence. Thus, the first requirement of § 1030(b) is satisfied.

The second element of § 1030(b) requires the Defendant to present evidence to establish that there is a "reasonable possibility that the Defendant will obtain judgment" in the proceeding. The Defendant's Abstention Motion contains no substantive arguments to show a reasonable possibility that she will prevail in defending against YKF's claims, nor has the Defendant submitted the affidavit required to be filed by § 1030(b) setting forth such merits. Accordingly, the Defendant has failed to meet the burden imposed upon her to show this Court why the Plaintiff should be required to post an undertaking to secure litigation costs and, on this basis alone, the motion should be denied. A. Farber & Ptnrs., Inc. v. Garber, 417 F.Supp.2d 1143 (C.D. Cal. 2006).

Section 1030(b) also requires that the defendant submit an affidavit which sets forth the nature and amount of the costs defendant has incurred and expects to incur. Here, the Defendant has not submitted any affidavit. Instead, the Defendant merely states in very general terms in her motion that she may incur unspecified deposition related costs, and without any detail or basis whatsoever, proposes a $25,000 bond. This is an insufficient showing of the nature and amount of costs actually expected to be incurred as required by § 1030(b). Moreover, Defendant provides no explanation

-9-

regarding how the taking of any such depositions of unspecified persons would have any relevance to YKF's fraudulent transfer complaint.

Based upon the foregoing, there is no basis to require the Plaintiff to post a $25,000 undertaking and, accordingly, the Defendant's motion should be denied.

## CONCLUSION

Based upon the foregoing authorities and arguments, YKF respectfully requests that Dodson's Abstention Motion be denied and that this Court order such other relief as it deems appropriate.

Dated: April 4, 2008

NIXON PEABODY LLP

By: /s/ James S. Monroe
James S. Monroe
Attorneys for Yugen Kaisha, Y.K.F.

-10-

OPPOSITION TO MOTION FOR ABSTENTION
CASE NO.: 3:08-CV-00225-SC

10956883.2