1  James S. Monroe (SBN 102328)
   Gregory E. Schopf (SBN 122862)
2  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
3  San Francisco, CA 94111-3996
   Telephone: (415) 984-8200
4  Facsimile:  (415) 984-8300

5  Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  YUGEN KAISHA, Y.K.F.,              Case No.: 3:08-CV-00225-SC

13                       Plaintiff,    DECLARATION OF JAMES S. MONROE
                                       IN SUPPORT OF OPPOSITION TO
         vs.                           MOTION FOR (1) ABSTENTION, OR
14                                     ALTERNATIVELY, (2) FOR A STAY, AND
                                       (3) FOR SECURITY FOR COSTS
15  STEPHANIE DODSON,

16                       Defendant.             **Hearing**

17                                     Date:    April 25, 2008
                                       Time:    10:00 a.m.
18                                     Place:   Courtroom 1
                                       Judge:   Hon. Samuel Conti
19

20

21       I, James S. Monroe, declare as follows:

22       1.     I am an attorney at law admitted to practice in the State of California and before this

23  Court, and I am a partner of Nixon Peabody LLP, attorneys of record for Yugen Kaisha, Y.K.F.

24  ("YKF") in the above-captioned action.  I have personal knowledge of the matters set forth

25  hereinbelow and, if called as a witness to do so, I could and would competently testify thereto.

26       2.     Plaintiff, YKF is a corporation incorporated under the laws of Japan with its principal

27  place of business in Japan.  YKF has no business presence in California or the United States.

28
DECLARATION OF JAMES S. MONROE IN SUPPORT OF
OPPOSITION TO MOTION FOR (1) ABSTENTION, OR
ALTERNATIVELY, (2) FOR A STAY, AND (3) FOR SECURITY
FOR COSTS; CASE NO.: 3:08-CV-00225-SC

10915436.1

Defendant, Stephanie Dodson ("Dodson") is a citizen of the United States and a domiciliary of the State of California. The matter in controversy under YKF's complaint in this action against Dodson (the shares of stock of Smart Alec's Intelligent Food, Inc.), exclusive of interest and costs, exceeds $75,000.

3.    I negotiated YKF's purchase of the avoidance actions which are the subject of YKF's complaint herein with counsel for the bankruptcy trustee and prepared the Assignment Agreement executed by the parties in connection with the sale, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein (the "Assignment Agreement").

4.    After preparation of the Assignment Agreement, I emailed it to YKF in Japan for execution and return to me by email and courier service.

5.    On or about July 31, 2007, the Bankruptcy Court entered an order authorizing and approving the Assignment Agreement, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of April, 2008, at San Francisco, California.

*/s/ James S. Monroe*
James S. Monroe

**EXHIBIT 1**

7516402.1

# ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT (this "Agreement") is made by and between E. Lynn Schoenmann, trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Alexander N. Popov, bankruptcy case number 05-32929, and Yugen Kaisha, Y.K.F., a Japanese corporation ("YKF").

## W I T N E S S E T H

WHEREAS, on September 6, 2005, Alexander N. Popov (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "Bankruptcy Court") and the Trustee was thereafter duly appointed to administer the Debtor's Chapter 7 bankruptcy estate (the "Estate");

WHEREAS, prior to the filing of the Bankruptcy Case, (a) the Debtor was the owner of record of 3,744,000 shares of common stock of Smart Alec's Intelligent Food, Inc., a California corporation, (the "Shares"), and (b) the Debtor purportedly sold all of his right, title, and interest in the Shares to Stephanie Dodson ("Dodson") for $12,500; and

WHEREAS, the Trustee desires to sell to YKF, and YKF desires to purchase from the Trustee, the Assigned Property (as defined herein);

NOW, THEREFORE, in consideration of the recitals, mutual covenants and conditions contained herein, the parties agree as follows:

1.    **Definitions.** The following capitalized terms shall have the meanings as set forth below:

"Assigned Property" means any and all rights, claims, causes of action and remedies of the Trustee and the Estate, or assertable thereby, to avoid and recover the Debtor's purported transfer of the Shares to Dodson and/or any subsequent transferee thereof as a fraudulent transfer under any applicable law, including, without limitation, Bankruptcy Code §§ 544(b), 548 and 550, and California Civil Code §§ 3439-3439.12, inclusive; and any and all right, title and interest of the Estate in and to the Shares.

"Proceeds" means whatever is recovered, collected, acquired, received, distributed or otherwise obtained on account of or with respect to the Assigned Property.

"Purchase Price" means $30,000.00.

2.    **Effective Date.** This Agreement shall become effective when (a) each of the parties hereto and their counsel shall have duly executed and delivered this Agreement, and (b) the Bankruptcy Court shall have entered an order approving this Agreement   The first business day on which all of the foregoing conditions have been satisfied shall be referred to herein as the "Effective Date."

3.    **Bankruptcy Court Approval.** The Trustee shall have the obligation to file and serve an appropriate motion requesting Bankruptcy Court approval of this Agreement (the "Approval Order"). The parties shall cooperate as reasonably required in seeking the Approval Order. This Agreement is contingent upon entry of the Approval Order and, in the absence thereof, this Agreement is null and void. In the event an appeal is taken from the Approval Order, (a) YKF shall have the sole and complete responsibility to assume any defense of the appeal and shall bear any and all attorneys' fees, costs, expenses, losses, obligations, liabilities and damages that may be incurred in connection therewith, (b) the Trustee shall have no

1

obligation to defend such appeal, and (c) this Agreement shall nonetheless become effective and bind the parties as provided in paragraph 2 hereof.

4.    Assignment and Purchase.  Subject to the terms and conditions of this Agreement, the Trustee hereby agrees to sell, transfer, assign, grant and convey the Assigned Property to YKF, its successors and assigns, YKF agrees to purchase the Assigned Property from the Trustee, and YKF shall be solely entitled to exercise and enforce all rights with respect to the Assigned Property and to collect and receive any and all Proceeds.

5.    Payment.  In consideration of the sale and assignment of the Assigned Property, YKF shall pay the Purchase Price to the Trustee within 2 business days after the Effective Date in immediately available funds by wire transfer to an account specified in writing by the Trustee.

6.    Representations and Warranties of Trustee.  The Trustee represents and warrants that it has made no prior assignment of the Assigned Property or of any interest therein and that the Trustee is the sole owner thereof and has good title thereto, free and clear of all liens, claims and encumbrances of any kind and will transfer to YKF such title, free and clear of any liens or encumbrances of any kind.

7.    YKF's Acknowledgements.  YKF acknowledges to the Trustee that except as expressly set forth in this Agreement, the Trustee does not make, and hereby disclaims any and all, representation or warranties regarding the Assigned Property.  YKF acknowledges and agrees that the Assigned Property is acquired by YKF for its own account and risk and that the sale of the Assigned Property to YKF is a sale without recourse against the Trustee and/or the Estate and without obligation of the Trustee and/or the Estate to repurchase the Assigned Property under any circumstances.

8.    No Reliance; Independent Investigation.  The undersigned agree that each party hereto in entering into this Agreement relies upon its own investigation and judgment in regard to all matters herein contained and that they have not relied on any representations made by the other parties, that this Agreement is made and entered into by each of the parties of its own volition, and each of the parties hereto warrants that this Agreement was made and entered into free of any duress, coercion, or undue influence from any source whatsoever.

9.    Merger.  It is expressly understood and agreed that this Agreement constitutes the complete and final agreement among the parties regarding the matters herein addressed.  Any and all prior negotiations, representations, understandings or agreements, whether written or oral, among the parties, relating to the subject matter of this Agreement and the facts as set forth in the recitals hereto are terminated and shall be of no further force or effect.

10.    Amendments.  No amendment, modification, termination, or waiver of any provision of this Agreement shall in any event be effective unless the same shall be in writing and signed by all parties hereto.

11.    Authority.  Each of the parties to this Agreement has full authority and power to enter into this Agreement and this Agreement is the legal, valid and binding obligation thereof.

12.    Drafting of Agreement.  The undersigned agree that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to any interpretation of this Agreement.

13.    Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

10333089.1

14.    <u>Governing Law.</u>  This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of California applicable to agreements made and to be performed wholly within the State of California, as well as any applicable United States bankruptcy law.  The Bankruptcy Court shall retain jurisdiction over any disputes regarding this Agreement or enforcement of this Agreement.

15.    <u>Attorneys' Fees.</u>  In the event that any legal proceeding, of any kind or nature, is brought by any party concerning the enforcement or interpretation of this Agreement, or any rights and duties hereunder, the prevailing party shall be entitled to recover its attorneys' fees and costs incurred in said proceedings.

16.    <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument.  Any of the parties hereto may execute this Agreement by signing any such counterparts.  Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

17.    <u>Further Assurances.</u>  The parties and their counsel shall execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the provisions of this Agreement.

18.    <u>Captions.</u>  The captions appearing at the commencement of the paragraphs hereof are descriptive only and for convenience of reference.  Should there be any conflict, or apparent conflict, between any such caption and any paragraph at the head of which it appears, the content of the paragraph shall govern the construction of this Agreement.

19.    <u>Partial Invalidity.</u>  If any provision of this Agreement is found to be invalid by any court, the invalidity of such provision shall not affect the validity of the remaining provisions hereof.

20.    <u>Survival of Representations and Warranties.</u>  The representations and warranties made by the parties herein shall survive the performance of this Agreement.

21.    <u>Notice.</u>  Any notice, request, demand, or other communication required or permitted hereunder will be given in writing by first-class mail, postage prepaid, to the party(ies) to be notified.  All communications will be deemed given when received.  The addresses of the parties for the purposes of such communication are:

Trustee:              E. Lynn Schoenmann
                      c/o Dennis D. Davis, Esq.
                      Goldberg, Stinnett, Meyers & Davis
                      44 Montgomery Street, Suite 2900
                      San Francisco, CA 94104

YKF:                  Yugen Kaisha, Y.K.F.
                      c/o James S. Monroe, Esq.
                      Nixon Peabody LLP
                      One Embarcadero Center
                      San Francisco, CA 94111

A party may change his or her address for purposes of notice hereunder only upon written notice to the other party as provided hereinabove.

*[Signature Page Follows]*

3

10333089.1

IN WITNESS WHEREOF the parties hereto have caused this Agreement to be duly executed on the date appearing opposite their names hereinbelow.

Dated: _~~Aug 1, 2007~~_

E. Lynn Schoenmann, Trustee of the Chapter 7 Bankruptcy Estate of Alexander N. Popov

By: _____
E. Lynn Schoenmann

Dated: _June 8, 2007_

YUGEN KAISHA, Y.K.F.

By: _____

Its: _____President_____

APPROVED AS TO FORM AND CONTENT:

Nixon Peabody LLP

By: _____
James S. Monroe, Esq.
Attorneys for Yugen Kaisha, Y.K.F.

Goldberg, Stinnett, Meyers & Davis

By: _____
Dennis D. Davis, Esq.
Attorneys for E. Lynn Schoenmann, Trustee

4

10333089.1

**EXHIBIT 2**

7516402.1

Entered on Docket
July 31, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392
Email: ddavis@gsmdllaw.com

Attorneys for E. Lynn Schoenmann, Trustee

Signed and Filed: July 30, 2007

THOMAS E. CARLSON
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

ALEXANDER POPOV,

    Debtor.

Case No. 05-32929

Chapter 7

**ORDER AUTHORIZING AND APPROVING ASSIGNMENT
OF PERSONAL PROPERTY TO YUGEN KAISHA, Y.K.F.**

Upon the Application for Entry of Order by Default Authorizing Sale of Personal Property to Yugen Kaisha, Y.K.F. for an order authorizing and approving the Trustee's assignment of personal property to Yugen Kaisha, Y.K.F., as more fully set forth in the Notice of Trustee's Assignment of Personal Property to Yugen Kaisha, Y.K.F. filed herein June 26, 2007, and the Declaration of Dennis D. Davis filed in support of said application, submitted, no objections or requests having been filed or served, following date and adequate notice on appropriate parties, and

GOOD CAUSE APPEARING THEREFOR,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Trustee's application is granted in its entirety.

2.    On the terms set forth in the notice, this Court hereby authorizes and approves the

-1-

ORDER AUTHORIZING AND APPROVING ASSIGNMENT
OF PERSONAL PROPERTY TO YUGEN KAISHA, Y.K.F.
113282.DOC

Trustee's assignment of personal property to Yugen Kaisha, Y.K.F., pursuant to the terms of the Assignment Agreement, a copy of which is attached as Exhibit "B" to the Declaration of Dennis Davis filed in support of the application.

3.      The Trustee is authorized to take any and all reasonably necessary steps to effectuate the terms of this order.


**END OF ORDER**

ORDER AUTHORIZING AND APPROVING ASSIGNMENT
OF PERSONAL PROPERTY TO YUGEN KAISHA, Y.K.F
113282 DOC

1

**COURT SERVICE LIST**

2

3

4   Dennis D. Davis, Esq.
    Goldberg, Stinnett, Meyers & Davis
    44 Montgomery Street, Suite 2900
5   San Francisco, CA 94104

6

7   Office of the U.S. Trustee
    235 Pine Street, Suite 700
    San Francisco, CA 94104-3401
8

9   E. Lynn Schoenmann
    800 Powell Street
10  San Francisco, CA 94108

11

12  James S. Monroe, Esq.
    Nixon Peabody LLP
13  Two Embarcadero Center, Suite 2700
    San Francisco, CA 94111-3996
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10206/113282.DOC