MARK D. BYRNE, S/B #109268
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105
(415) 371-8000
(415) 371-8001 fax
Attorneys for Martin F. Triano

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE DODSON, <br><br> Defendant. | CASE No.: C-08-225-SC <br><br> **MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F. TRIANO'S REPLY TO OPPOSITION OF YUGEN KAISHA (YKF) TO MOTION AND COMPLAINT FOR INTERVENTION** <br><br> DATE: April 25, 2008 <br> TIME: 10:00 A.M. <br> COURTROOM: 1 |

## I. INTRODUCTION

Martin F. Triano, dba Law Offices of Martin F. Triano has properly and clearly demonstrated the basis for his intervention in this adversary proceeding, which is to protect his secured proof of claim and interest in the shares that Yugen Kaisha, Y.K.F. seeks to recover. Yugen Kaisha, Y.K.F. has mischaracterized the arguments of Martin F. Triano and incorrectly construed the requirements for intervention. It has presented only sweeping generalizations that are unsupported by facts and which rely only upon the generally applicable law. Martin F. Triano however has specifically set forth law and facts supporting his Motion for Intervention

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

1

and demonstrating that he should be allowed to intervene.

## II. STATEMENT OF FACTS

As previously set forth in the Points & Authorities in Support of the Motion for Intervention by and its accompanying complaint ("Motion for Intervention"), Martin F. Triano dba Law Offices of Martin F. Triano ("LOMT") holds a Promissory Note for payment of attorney's fees secured by the subject Shares of Smart Alec's Intelligent Foods, Inc. ("Smart Alec's"). LOMT also holds a proof of claim that is secured by the Shares ("Proof of Claim"), which was not objected to by any creditors. Despite YKF's current allegations and allegations, YKF and the Trustee acknowledged prior to the completion of the sale that the avoidance claim was taken subject to LOMT's interest as a secured creditor of the Debtor's Estate.

## III. ARGUMENT

### A. LOMT is entitled to intervention of right in this action.

YKF has mistakenly contended, without any supporting authority or facts, that LOMT has not met the second and third tests for Intervention. The evidence overwhelmingly demonstrates that these tests have been met and LOMT is entitled to intervene in the present action pursuant to Federal Rules of Civil Procedure, Rule 24, which "traditionally has received a liberal construction in favor of applicants for intervention." *See Sagebrush Rebellion, Inc. v Watt*, 713 F.2d 525, 527 (1983).

#### 1. LOMT has a significantly protectable interest that is related to this action, because he has a legally protectable interest in the claims at issue.

YKF has unconvincingly argued without any legal support, that because it did not specifically seek relief regarding LOMT's claim, these proceedings will not be affected LOMT's claim. However, there is no requirement that YKF specifically mention LOMT's claim for the claim to be related to and affected by the Adversary Proceeding. Instead, a movant demonstrates that they have a "significantly protectable interest" to justify their intervention in the matter by showing that "the interest is protectable under some law, and that there is a relationship between the legally protectable interest and the claims at issue. *See Sierra Club v. U.S. Environmental Protection Agency*, 995 F. 2d 1478, 1481 (1993).

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

2

LOMT has shown that his interest in this matter is legally protectable, because LOMT has a secured interest in the Shares and any proceeds therefrom, due to (1) his perfected interest in the shares established by the Note he holds, and (2) his lien on the shares which was established by his Proof of Claim in this Bankruptcy Action. His secured interest and lien survive the discharge of Debtor due to the transfer of the Shares to Dodoson. **In fact, YKF agreed that its interest in this avoidance action was taken subject to LOMT's interest as a secured creditor.**

Therefore, because of LOMT's secured interest in the Shares and their proceeds, and his Proof of Claim and corresponding lien on the Shares, LOMT's interest is legally protectable. Obviously LOMT's interest in the Shares and their proceeds is related to this action, which is based upon recovery of the very same Shares and their fair market value at the Transfer. As such, the second test for intervention, a significantly protectable interest, has been met.

> **2. LOMT's interest in the Shares will be impaired and impeded if he is denied opportunity to participate in the record and the remedial scheme in this case.**

The third test for intervention of right has been met, because LOMT has clearly shown that the court's decision in the YKF action could result in *practical* impairment of LOMT's interest. *See Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9th Cir. 1991). LOMT could be excluded from the remedial scheme in this action and forced to chase yet another defendant to collect upon the Note he holds. *See Stringfellow*, 783 F.2d at 827. Also, a judgment adverse to LOMT's interests could be entered by this court, providing persuasive authority against LOMT in any related action. *See Yniguez v. State of Arizona*, 939 F.2d 727, 737 (9th Cir. 1991).

YKF's has erroneously argued that its recovery in this matter is not subject to either recovery by the Bankruptcy estate or as proceeds of the Shares. However, this argument only evidences the impairment that LOMT could suffer. First, YKF acknowledged prior to purchasing the avoidance claim that its ability to recover was subject to LOMT's interest as a secured creditor. Second, the avoidance action seeks to recover from Dodson either the Shares or the proper price for the transfer of the Shares. YKF's action therefore deals implicitly with

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

3

1  the collateral Shares and their proceeds in which LOMT holds a secured interest.

2  To allow YKF to take either the Shares or their proceeds without providing LOMT with
3  an opportunity to protect his interest as both a creditor of the Bankruptcy estate and as a secured
4  creditor would result in a practical impairment of his interest, because he would have had no
5  opportunity to recover what is rightfully his pursuant to the Proof of Claim and the Note he
6  holds.  His impairment is not tempered by the ability to raise related claims in state court.  *See*
7  *also U.S. v. Stringfellow*, 783 F.2d 821, 827 (1986) vacated on other grounds, 480 U.S. 370
8  (1987).

9  LOMT has alleged much more than a mere inconvenience resulting from denial of
10 intervention.  Accordingly, LOMT's ability to protect his interest in the Shares could clearly be
11 impaired by disposition of the present action, and thus, LOMT seeks to intervene to fully
12 participate in the record upon which he may have to rely, and to participate in formulation of the
13 applicable remedial scheme.  *See Sagebrush Rebellion, Inc.*, 713 F.2d at 528; *see also*
14 *Stringfellow*, 783 F.2d at 827.

15 **3. YKF has acknowledged that its Claim is subject to LOMT's interest**

16 YKF's attempt to play both sides of this matter to its advantage is evinced by its
17 contradictory assertions that (1) LOMT's interest in the Shares will continue regardless of the
18 Adversary Proceeding, (2) the contractual basis for the claim is "highly contentious," and (3)
19 LOMT's ability to recover against YKF is "highly speculative."  YKF has continuously played
20 these same games with LOMT by at once insisting that LOMT's lien will be preserved and at the
21 same time offering a fight as to LOMT's ability to recover on such lien.

22 There is no reason LOMT should be forced to wait through this entire litigation only to
23 discover who the owner of the Shares and proceeds are and face yet another litigation in order to
24 collect upon his claim.  In fact, LOMT's claim is neither contentious nor speculative, and has
25 been upheld by this court previously, as evidence by LOMT's lien on the Shares pursuant to his
26 Proof of Claim which no creditors, including YKF, objected to.  Also, YKF acknowledged that it
27 took the rights to this Adversary Proceeding subject to LOMT's lien upon the Shares and its
28 current challenge to participate in this proceeding are unfounded in law or fact.

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

4

YKF has incorrectly drawn an arbitrary line, unsupported by law, in an attempt to distinguish the relief it seeks in its avoidance action from the sale or exchange of the Shares. YKF's Adversary Proceeding is based upon the sale and exchange of the Shares, and YKF specifically seeks recovery of the fair market value of that sale or exchange of the Shares. YKF has offered no reason to designate the "action" from its purpose, recovering the value of the sale or exchange of the Shares. In fact, this very argument by YKF demonstrates the importance of allowing LOMT to intervene to determine his rights to the Shares and to any recovery by YKF that may proceed from the Shares. If LOMT is not allowed to intervene, he will be forced to track down the illusive proceeds, which are easily disposable, from yet another defendant.

**B. This Court Has Jurisdiction Over LOMT's Intervention Action.**

**1. The Court has supplemental jurisdiction over LOMT's claim under 28 U.S.C. 1367(a).**

Supplemental Jurisdiction exists in this matter for both Permissive Intervention and Intervention of Right, pursuant to 28 U.S.C. 1367(a), which states that:

> Except as provided in subsections (b) and (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. **Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.**

The federal district court has original jurisdiction in this matter under 28 U.S.C. 1334, which vests federal courts with original and exclusive jurisdiction of all cases under title 11, because YKF's avoidance claim arises under 11 U.S.C.A. § 544, 548 and 550. LOMT's claim relating to Intervention of additional parties is necessarily included in the courts supplemental jurisdiction, pursuant to the plain meaning of the last sentence of 28 U.S.C. 1367(a).

As more fully discussed below, 28 U.S.C. 1367(b) does not apply in this case because the court's jurisdiction in this matter is not based upon diversity jurisdiction. Therefore, the Court has supplemental jurisdiction over this matter.

///

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

5

### 2. LOMT's ability to intervene in this matter is not effected by the citizenship of the parties.

The holding in *Butcher* erroneously cited by YKF is relevant only to federal court claims based solely upon complete diversity. *See* 28 U.S.C. 1367(b); *see also Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418 (D.Del. 1985). **YKF has not even alleged diversity** as a basis for the Courts jurisdiction in this matter. YKF has only alleged jurisdiction based upon a federal question arising under bankruptcy law, 28 U.S.C. § 1334, and its claim is not based upon diversity, 28 U.S.C. §1332.

Even if YKF alleged diversity jurisdiction, this would not be the sole basis of federal court jurisdiction. YKF's avoidance action purchased from the Trustee is necessarily based upon federal bankruptcy law, which provides the court with subject matter jurisdiction over the claim, in addition to any diversity jurisdiction that YKF may amend its complaint to later allege.

Therefore, this court has supplemental jurisdiction over this matter

### 3. LOMT has independent grounds for jurisdiction.

LOMT's Application is based upon the Proof of Claim that he submitted during the Bankruptcy Action from which this Adversary Proceeding stems. YKF has not addressed this argument and has merely made a sweeping and incorrect contention that independent grounds are not available. However, LOMT has shown that his Motion for Intervention is based upon the Proof of Claim he holds, which provides him with a lien upon the shares that cannot be discharged and which corresponds to the Note he holds that is secured by the Shares that are the subject of this Adversary Proceeding.

No creditors, including YKF, objected to LOMT's Proof of Claim, and this court and the district court affirmed LOMT's Proof of Claim upon objection and appeal by the Trustee. Additionally, YKF agreed prior to purchasing its right to pursue this fraudulent conveyance claim, that it was buying the action from the Trustee subject to the LOMT's claim as a secured creditor of Debtor's estate. Thus, based upon his valid Proof of Claim, LOMT has independent grounds for jurisdiction by this court, and LOMT has provided sufficient evidence to show that he is entitled to permissive intervention in this matter. *See Venegas*, 867 F.2d at 529.

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

6

**C. Triano's Intervention Will Serve The Principles of Equity, Efficiency and Judicial Economy.**

LOMT seeks to intervene to establish, pursuant to any transfer to YKF, his rights to the Shares and to any proceeds of the Shares. Determination of the amount of LOMT's secured interests is inevitable if the Shares or their proceeds are awarded to YKF, and it is determined that LOMT has a secured interest in such. LOMT's ability to participate in the remedial scheme is supported by law, and there is no reason that such participation would delay or prejudice YKF's recovery. In fact, this would avoid taking the matter to a new forum and creating a new record to enforce LOMT's interest against YKF, which would cause delay in resolution of this matter and require additional costs for all parties.

**1. Triano's Claim is directly related to the Bankruptcy Case and YKF's Action.**

YKF has also misconstrued the law providing for intervention in its argument that LOMT's claim is based in state law and thus is not proper in bankruptcy court. There is no requirement that the claim be based in Bankruptcy law in order for LOMT to intervene in this action. *See In re Bernal*, 223 B.R. at 547. Nevertheless, as discussed above and as alleged in the Complaint, LOMT's interest in the shares is based upon Note and his lien on the shares created by his Proof of Claim. LOMT's lien was not discharged because the Shares were transferred to Defendant prior to the Bankruptcy Action. As such, LOMT's claim is based in bankruptcy law as well as state law.

**2. Triano's attorney's fees claim has already been deemed allowed, and as such there is no need to determine complex issues of law or fact.**

LOMT has a secured interest in the Shares for the amount provided by the Note he holds. The value of that claim was already determined when LOMT submitted his Proof of Claim and no creditors objected. *See also* 11 U.S.C. § 502(a) (a claim that is not objected to is deemed to be allowed). YKF's failure to object in a timely manner to LOMT's Proof of Claim forecloses its opportunity to raise an objection. *See Siegel v. Federal Home Loan Mortgage Corporation*, 143 F.3d 525 (9th Cir. 1998).

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION
7

YKF had a chance to object to Triano's Proof of Claim when it was presented in the bankruptcy action and **did not** do so.  YKF subsequently acknowledged that it was purchasing the instant action subject to LOMT's interest as a secured creditor.  Now, LOMT has a rightful claim in this action based upon the lien created by the Proof of Claim, which states the value of that LOMT's claim.  *See also* 11 U.S.C. § 502(a) (a claim that is not objected to is deemed to be allowed).

For YKF to claim that LOMT's pre-existing interest, to which YKF never previously objected, now somehow prejudices its rights is disingenuous and unsupported by law or fact.  YKF's current actions and allegations are interfering with LOMT's Proof of Claim and his secured interest in the Shares, and as such it is YKF that is causing LOMT delay, prejudice and unnecessary costs to re-establish a right already acknowledged by YKF on multiple occasions.

### 3. Ninth Circuit Law supports intervention for attorney's fees claims based upon the principles of equity and judicial economy.

In *Venegas v. Skaggs*, a discharged attorney sought to intervene in order to recover his fees.  *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989).  The court held that it was an abuse of discretion for the trial court to have not allowed permissive intervention, where judicial economy, equity and the related interests of claims clearly weighed in favor of such intervention.  *See Venegas*, 867 F.2d at 530.

The *Venegas* court determined that if it mandated litigation of the attorney's claim in state court "[t]he parties would be required to make a record that would consist of **facts and arguments that are already before this court**," and additionally, "the parties would be forced to litigate before a judge who lacks **the long experience with this case**, and with these parties, that this court has had." (emphasis added) *See Venegas*, 867 F.2d at 531, (*quoting Wood v. Motorola, Inc.*, 587 F. Supp. 531, 532-33 (D.Haw. 1984.))

The *Venegas* court held that issues relating to collection of attorney's fees are not complex issues of stated law and can be a basis for intervention.  Here, LOMT has alleged an interest in the Shares and proceeds that are the sole subject of this proceeding, and clearly a significant related issue of fact.  LOMT also seeks to participate in the remedy of YKF's action,

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

8

including the determination of ownership of the Shares and their proceeds. Therefore, based upon the interests of equity and judicial economy formulated in *Venegas*, LOMT should be permitted to intervene in the present action, pursuant to Rule 24(b)(2).

## V. CONCLUSION

LOMT has demonstrated that he is entitled to intervene in this Adversary Proceeding under both theories of Intervention of Right and Permissive Intervention. LOMT's application for intervention is supported by substantial case authority that provides controlling authority in favor of LOMT's intervention. It is therefore clear the LOMT has satisfied the requirements for intervention, especially since Rule 24 "traditionally has received a liberal construction in favor of applicants for intervention." *See Sagebrush Rebellion, Inc.*, 713 F.2d at 527. Accordingly, LOMT's application for intervention should be granted.

Respectfully submitted,

Dated: 4/11/08                    LAW OFFICES OF TRIANO & BYRNE

By:  /s/  *Mark D. Byrne*
     MARK D. BYRNE
     Attorney for Martin F. Triano
     dba Law Office of Martin F. Triano

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

REPLY TO YKF OPPOSITION TO INTERVENTION

9

1 | MARK D. BYRNE, ESQ., SBN 109628
2 | LAW OFFICES OF TRIANO & BYRNE
3 | 25 Jessie Street, 16th Floor
  | San Francisco, CA 94105-2749
4 | Telephone: (415) 371-8000
  | Facsimile: (415) 371-8001
5 | mailbox@martinftriano.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

YUGEN KAISHA, Y.K.F.,  )   Case No.: C-08-225-SC
            )
  Plaintiff,        )   **CERTIFICATE OF SERVICE**
            )
  vs.           )
            )
STEPHANIE DODSON       )
            )
  Defendant         )
            )
            )

    I am citizen of the United States, and a resident of the County of San Francisco; I am over the age of eighteen years, and not a party to the within action. My business address is 25 Jessie Street, 16th Floor, San Francisco, California 94105-2749. On April 11, 2008 served the following documents:

- ***MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F. TRIANO'S REPLY TO OPPOSITION OF YUGEN KAISHA (YKF) TO MOTION AND COMPLAINT FOR INTERVENTION;***
- ***CERTIFICATE OF SERVICE.***

On the parties listed, addressed as follows:

| | |
|---|---|
| **JOEL BELWAY, ESQ.** | **JAMES S. MONROE, ESQ.** |
| **235 MONTGOMERY STREET, SUITE 668** | **NIXON PEABODY LLP,** |
| **SAN FRANCISCO, CA 94104-2910** | **ONE EMBARCADERO CENTER, 18TH FL.** |
| | **SAN FRANCISCO, CA 94111** |

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE

1

| | |
|---|---|
| XXX | **First Class Mail:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service to (List names) the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more one day after date of deposit for mailing an affidavit. |
| | **Facsimile:** By transmitting a true and correct copy via facsimile electronic equipment transmission (fax) to (List names) at the fax number listed above. |
| | **Personal Delivery:** By personally delivering the document(s) above to the person(s) listed above at the address(es) on the date set forth above. |
| | **Personal Delivery By Messenger:** By consigning the document(s) listed above to a messenger for personal delivery to the following person(s) at the address(es) on the date set forth above. |
| | **Overnight:** By placing the document(s) thereof into envelope(s) bearing the name(s) and address(es) of the person(s) to be served by Federal Express Delivery. |
| | **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| XXX | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on April 11, 2008 in San Francisco, California.

Respectfully Submitted,

                          Sara Tolleson
                          Law Offices of Triano & Byrne
                          25 Jessie Street, 16th Floor
                          San Francisco, CA 94105

Dated: April 11, 2008

                          /s/    Sara Tolleson
                          SARA TOLLESON

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE

2