JOEL K. BELWAY [60556]
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery Street, Suite 668
San Francisco, California 94104
Telephone: 415-788-1702
Facsimile:  415-788-1517

Attorney for Defendant
and Counterclaimant
STEPHANIE DODSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 05-32929 |
| ALEXANDER N. POPOV, | Chapter 7 |
| Debtor. | |
| YUGEN KAISAH, Y.K.F. | A.P. No. C-08-225-SC |
| | **REPLY OF STEPHANIE DODSON TO OPPOSITION TO MOTION FOR (1) ABSTENTION, OR, ALTERNATIVELY, (2) FOR A STAY, AND (3) SECURITY FOR COSTS** |
| STEPHANIE DODSON, | |
| Defendant. | Date: April 25, 2008 |
| STEPHANIE DODSON, | Time: 10:00 a.m. |
| Counterclaimant, | Court: Judge Conti |
| vs. | |
| YUGEN KAISAH, Y.K.F. | |
| Claimant. | |

    Defendant and counterclaimant, STEPHANIE DODSON ("Dodson"), herewith replies to the Opposition of plaintiff, YUGEN KAISAH,

Y.K.F.("YKF"), to Dodson's motion requesting (1) that the Court abstain from hearing this bankruptcy adversary proceeding for which Bankruptcy Judge Thomas Carlson has withdrawn the bankruptcy reference, or, alternatively, (2) for an order staying the proceeding because YKF has failed to qualify to do business in the State of California, although it is doing business in the State, and (3) to compel YKF to furnish security for costs (the "Motion").

In its Opposition YKF argues that jurisdiction for this adversary proceeding lies in this Court, both federal question jurisdiction under 28 U.S.C. §1334(b) and diversity of citizenship under 28 U.S.C. §1332(a)(2).  As to diversity jurisdiction, Dodson would point out that the Complaint upon which YKF states its claims does not allege diversity of citizenship as a ground for jurisdiction.

YKF began this action in the bankruptcy court, alleging the bankruptcy jurisdiction of 28 U.S.C. §1334(b).  What was and is unusual about such a federal question claim in the bankruptcy court, moved to this Court, is that, as between YKF and Dodson, neither is a bankruptcy debtor, trustee nor creditor in the underlying bankruptcy case to which this adversary proceeding brought by YKF is attached.

YKF asserts under its federal question jurisdiction claim against Dodson that, it, YKF, owns an asset purchased from the bankruptcy estate of debtor Alex Popov ("Debtor") in the form of

a claim of fraudulent conveyance.  But there is no question that YKF can sue Dodson in a California state court on such a claim.  In fact, it once sued Dodson, Debtor and Smart Alec's Intelligent Foods, Inc. ("Smart Alec's") in the Alameda County Superior Court, No. 2002-061123 (the "YKF State Court Action").  It was the settlement of that litigation under a settlement agreement that gave rise to Dodson's Counterclaim herein for monetary damages against YKF.

    Dodson suggests that the bankruptcy court, or even the district court where a bankruptcy reference is withdrawn, does not present the only forum in which a fraudulent conveyance action acquired from a bankruptcy trustee can be brought.  Furthermore, where the parties to the action are neither debtor, trustee nor creditor, the bankruptcy court, and the district court when the bankruptcy reference is withdrawn, ought not to be in the business of providing a forum for litigation that has no impact on a bankruptcy estate.

    YKF erects a straw-man in its Opposition, pointing out that it acquired a fraudulent conveyance claim from a bankruptcy trustee and such acquisition was approved by the bankruptcy court.  Since Dodson has not argued that the trustee never sold the fraudulent conveyance claim or that the bankruptcy court did not approve its sale, that argument proves nothing material.  What it does not establish is that this Court should not abstain

3

from hearing this proceeding by YKF for the grounds set forth in the Motion.

YKF next argues that a statute of limitations would bar a state court action by YKF against Dodson were this Court to abstain. Judge Carlson anticipated that possibility and in a tentative ruling issued prior to the hearing at the end of which he withdrew the reference, Judge Carlson conditioned his own tentative ruling of abstention upon Dodson's stipulation to toll a statute of limitations. If this Court were concerned about barring YKF from asserting its claims against Dodson in a state court, Dodson would, and hereby stipulates to, toll any applicable limitations under 11 U.S.C. §546(a) for 30 days after entry by this Court of an order of abstention.

YKF argues that Dodson's request for a stay under Corporations Code §2203 should be denied because there is no showing that YKF has been transacting intrastate business in California. Dodson suggests that combining YKF's original investment in Smart Alec's, a one-restaurant corporation on Telegraph Avenue in Berkeley, suing Smart Alec's, Dodson and Debtor in the Alameda County Superior Court over that investment, settling that lawsuit with a written settlement agreement executed in California, after its preparation by California attorneys, acquiring a fraudulent conveyance chose-in-action from a bankruptcy trustee in San Francisco and then suing on that

4

REPLY TO OPPOSITION TO MOTION FOR ABSTENTION, ETC.

chose-in-action in San Francisco demonstrates intrastate business by YKF. Dodson submits that the requirements of California Corporations code §2203 have been shown on the moving papers in support of the Motion and the other documents filed by YKF or referred to in the documents filed by YKF.

As to an undertaking for costs, YKF correctly points out that no affidavit was filed in support of that part of the Motion. While counsel for Dodson had filed a declaration in the bankruptcy court where the costs motion was originally filed, that declaration was, regrettably, not re-filed with the Motion.

Therefore, filed separately herewith is a Declaration of Joel K. Belway setting forth the nature and amount of the costs Dodson expects to incur and for which Dodson requests that YKF be ordered to post an undertaking.

**CONCLUSION**

Based upon the foregoing, Dodson requests that the Court grant the Motion.

Respectfully submitted,

Dated: April 11, 2008      THE LAW OFFICE OF JOEL K. BELWAY
                           Professional Corporation

                           /s/ Joel K. Belway
                           JOEL K. BELWAY
                           Attorney for Stephanie Dodson

5

REPLY TO OPPOSITION TO MOTION FOR ABSTENTION, ETC.

**DECLARATION OF SERVICE**

I am over the age of eighteen years and not a party to the within action. On April 11, 2008, I served the attached **Reply of Stephanie Dodson to Opposition to Motion for (1) Abstention, or Alternatively, (2) for a Stay, and (3) for Security for Costs** on the interested parties in this action by placing true copies thereof in sealed envelopes and transmitting said envelopes to the following addresses by the means indicated:

Via First-Class U.S. Mail

James S. Monroe, Esq.
Gregory E. Schopf, Esq.
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996

Mark D. Byrne, Esq.
Triano & Byrne
25 Jessie Street
16th Floor
San Francisco, CA 94105-2749

**REPLY TO OPPOSITION TO MOTION FOR ABSTENTION, ETC.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 11, 2008, at San Francisco, California.

\s\ Joel K. Belway