MARK D. BYRNE, S/B #109268
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105
(415) 371-8000
(415) 371-8001 fax
Attorneys for Martin F. Triano

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE DODSON, <br><br> Defendant. | Case No.: C-08-225-SC <br><br> **COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION BY MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F. TRIANO** |

COMES NOW PLAINTIFF MARTIN F. TRIANO (hereinafter "LOMT") who alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The instant action was brought pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 544(b)(1), 548 and 550.

3. The action was referred from the Bankruptcy Court by Hon. Thomas Carlson to this Court on January 7, 2008 pursuant to Local Rule 9015-2.

4. This intervention is brought pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, as well as Rule 24 of the Federal Rules of Civil Procedure.

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION
1

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this intervention is for the adversary proceeding that arises under and in connection with the above-captioned case under 11 U.S.C. § 101, et seq (the "Bankruptcy Code"), which is pending in this District.

6. The adversary proceeding, under which this intervention arises, is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(H).

## PARTIES AND BACKGROUND FACTS

7. On September 6, 2005 (the "Petition Date") Alexander N. Popov ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy (the "Bankruptcy Action").

8. Thereafter, E. Lynn Schoenmann ("Trustee") became the duly appointed Chapter 7 Trustee to administer the Debtor's bankruptcy estate (the "Estate").

9. On or about August 1, 2007, Yugen Kaisha, Y.K.F. ("YKF") purchased from the Trustee the right to bring the instant adversary proceeding pursuant to the Assignment Agreement and Order entered in the Bankruptcy Action on July 31, 2007.

10. Prior to filing the Bankruptcy Action, Debtor was the owner of record for 3,744,000 shares of common stock (the "Shares") of Smart Alec's Intelligent Food, Inc., a California corporation ("Smart Alec's").

11. Martin F. Triano dba Law Offices of Martin F. Triano (hereinafter "LOMT") is, and at all times mentioned herein was, a law firm with its principal place of business located in the City and County of San Francisco.

12. LOMT began representing Debtor in October of 2001 in the case of Popov v. Hayashi. Debtor hired LOMT for his case against Hayashi to recover Barry Bonds' 73rd homerun baseball. Thereafter LOMT represented POPOV in the cases of Bantry Bay v. Popov and Yugen Kaisha (YKF) v. Popov.

13. LOMT is informed and believes and thereon alleges that Debtor was, until April of 2004, the majority shareholder in Smart Alec's and until February of 2004, the acting president of Smart Alec's.

14. On April 17, 2002, Debtor granted to LOMT a Promissory Note ("Note") for the

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION

2

$45,648 owed by Debtor to LOMT together with "such additional sums which may accrue from legal services being provided" by LOMT. Debtor secured his promissory note by pledging his 3,744,000 Shares of stock in SMART ALEC's as collateral. See Exhibit A. The Note contains a provision for the payment of attorney fees and costs incurred in the enforcement in the Note.

15. On April 17, 2002, same day Debtor, as acting president of Smart Alec's, also signed and executed a written Guarantee of Promissory Note by Smart Alec's for the full performance of Debtor under the provisions of the Note ("Guarantee"). See Exhibit A.

16. On May 10, 2002 LOMT executed a UCC-1 filing statement with the California Secretary of State. On April 20, 2007, the UCC-1 filing statement was amended and is due to lapse on May 10, 2012. A true and correct copy of the amended UCC-1 filing statement is attached hereto as Exhibit B.

17. LOMT represented Debtor until Debtor discharged LOMT on May 14, 2003.

18. LOMT is informed and believes and thereon alleges that defendant Stephanie Dodson, an individual (the "Defendant"), is the spouse of Debtor.

19. On or about January 27, 2003, LOMT faxed and mailed copies of the Note and Guarantee to Defendant.

20. LOMT is informed and believes and thereon alleges that Debtor transferred all right, title and interest in the Shares to Defendant pursuant to the Share Purchase Agreement dated April 18, 2004 for the sum of $12,500 (the "Transfer"), which transfer was in violation of the Note's terms and constituted a default of the Note. See Exhibit C. LOMT did not have notice of the Transfer until in or about October, 2005.

21. LOMT is informed and believes and thereon alleges that Defendant is Smart Alec's president, and as a result of the Transfer, is Smart Alec's sole stockholder.

22. On September 6, 2005 Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Bankruptcy Action"). Debtor was granted a discharge on April 9, 2006. Despite the Bankruptcy Court grant of discharge, LOMT continues to possess a secured interest in the Shares now owned by Defendant.

///

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION
3

23. LOMT has not received full payment on the amount set forth in the Note and secured by the Shares. By the terms of the promissory note, the entire balance, including principal, costs, and interest, was due on April 30, 2003.

24. LOMT timely presented a proof of claim in the Bankruptcy Action for its interest in the Shares ("Proof of Claim"), which claim was not objected to by any creditors and was upheld by this court and the district court upon objection and appeal by the Trustee.

25. LOMT is informed and believes and thereon alleges that Defendant obtained a loan to pay off the debt owed by Smart Alec's to YKF, which was incurred pursuant to a settlement agreement entered into between Debtor and YKF on or about February 6, 2004. LOMT is informed and believes and thereon alleges that as a result of Defendant's actions, LOMT's lien against the stock has been subordinated.

26. In April 1, 2007 the balance owed to LOMT for legal services rendered, costs, and interest accrued as a result of LOMT's representation of Debtor is $696,629.63. The balance owed to LOMT continues to accrue interest at a rate of 10% per year. LOMT was paid $238,192.75 from the sale of the Debtor's share of the proceeds of the Barry Bonds' 73rd homerun on January 23, 2008 by the Trustee of Debtor's estate.

27. LOMT filed an action in state court on July 13, 2007 for against Smart Alec's and Defendant for determination of LOMT's rights pursuant to the Note, which is currently pending before the San Francisco Superior Court and remains in the initial stage of proceedings.

28. On or about September 5, 2007, YKF filed the instant action alleging that Debtor and Defendant backdated the Share Purchase Agreement for the Transfer of the Shares and it from August, 2005 to April 18, 2004 with the actual intent to hinder and defraud Debtor's creditors by wrongfully removing the Shares as an asset of the Debtor's Estate shortly before the Petition Date in order to retain control of Smart Alec's.

## FIRST CAUSE OF ACTION

### (Declaratory Relief as to DODSON and YKF)

29. LOMT re-alleges and incorporates herein paragraphs 1 to 27 as set forth above.

30. LOMT holds a Note that provides for its secured interest in the Shares and this

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION
4

interest was perfected by LOMT. The Note provides for the collection of attorneys fees and costs incurred to enforce the Note.

31. LOMT is informed and believes and on that basis alleges that Defendant is not a protected purchaser because she had notice of the terms of the Note and of LOMT's security interest in the Shares, and she did not receive the Transfer in good faith and did not pay reasonably equivalent value for the Transfer.

32. LOMT is informed and believes and on that basis alleges that pursuant to California Commercial Code Sections 9312(a) and 9315(a), LOMT holds a valid and perfected security interest in the Shares, and in any proceeds from the Shares.

33. On or about February 22, 2007, during a deposition held at the Law Offices of Martin F. Triano, Defendant testified that she did not believe that LOMT had a lien against the Shares that she purchased from Debtor. She testified that she believes the lien is invalid due to statements made to her by Debtor as well as statements made by the attorneys for YKF during settlement negotiations. LOMT is informed and believes and thereon alleges that Defendant continues to maintain that LOMT does not hold a valid lien against the Shares she purchased from Debtor.

34. An actual and present controversy exists between LOMT and Defendant concerning their respective rights and duties in regard to the Note that granted LOMT a security interest in the Shares on or about April 17, 2002.

35. LOMT is a secured creditor of Debtor's estate pursuant to LOMT's Proof of Claim. YKF purchased its right to bring the Adversary Proceeding subject to the interest of secured creditors of Debtor's estate.

36. YKF has not sought recovery in this Adversary Proceeding for the secured creditors of Debtor's estate. YKF has only requested that the court award relief to YKF personally.

37. An actual and present controversy exists between LOMT and YKF concerning their respective rights and duties in regard to the right to recover from Debtor's estate, pursuant to YKF's purchase of the right to bring this Adversary Proceeding and LOMT's Proof of Claim in the Bankruptcy Action.

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION
5

38. LOMT desires a judicial determination, as to respective rights and duties of LOMT, YKF and Defendant, such that:

    (a) LOMT possesses a valid security interest on the Shares of stock formerly held by Debtor and now held by Defendant;

    (b) LOMT possesses a valid security interest in the proceeds from the Shares formerly held by Debtor and now held by Defendant;

    (c) Should YKF recover the Shares pursuant to this action, LOMT possesses a valid security interest in the Shares which will continue upon any transfer of such Shares to YKF;

    (d) Any recovery by YKF in this action represents proceeds of the Shares;

    (e) LOMT possesses a valid security interest in any proceeds from the Shares that may be recovered by YKF;

    (f) Should YKF recover in this action, the proceeds therefrom should be paid directly to LOMT in an amount according to proof as proceeds from the Shares pursuant to LOMT's secured interest in the Shares;

    (g) Attorneys fees and costs incurred herein are collectable under the Note;

    (h) LOMT holds a valid proof of claim in the Debtor's estate; and

    (i) LOMT is entitled to recover in this Adversary Proceeding based upon LOMT's Proof of Claim in an amount according to proof.

WHEREFORE, Plaintiff LOMT prays for judgment against Defendant as follows:

1. A judicial determination that:

    (a) LOMT possesses a valid security interest on the Shares of stock formerly held by Debtor and now held by Defendant;

    (b) LOMT possesses a valid security interest in the proceeds from the Shares formerly held by Debtor and now held by Defendant;

    (c) LOMT is entitled to recover in this Adversary Proceeding in an amount according to proof based upon the secured interest in any proceeds from the Shares pursuant to the Promissory Note LOMT holds;

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION

6

  (d) Any recovery by YKF in this action as represents proceeds of the Shares and should be paid directly to LOMT in an amount according to proof, pursuant to the Promissory Note LOMT holds;

  (e) Attorneys fees and costs incurred herein are collectable under the Note;

  (f) LOMT holds a valid proof of claim in the Debtor's estate; and

  (g) LOMT is entitled to recover in this Adversary Proceeding based upon LOMT's Proof of Claim in an amount according to proof.

1. For the payment of amounts recovered by YKF in this action to LOMT pursuant to LOMT's Note and Proof of Claim subject in an amount subject to proof;

2. For attorneys fees and costs of suit incurred herein in an amount subject to proof; and

3. For such other and further relief as the court may deem just and proper.

Dated: August 12, 2008       LAW OFFICES OF TRIANO & BYRNE


By: _____/s/ *Mark D. Byrne*_____
  MARK D. BYRNE
  Attorney for Martin F. Triano
  dba Law Office of Martin F. Triano

Law Offices
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

TRIANO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION

7

MARK D. BYRNE, ESQ., SBN 109628
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Telephone: (415) 371-8000
Facsimile: (415) 371-8001
Mailbox@martinftriano.com

Attorney for Creditor Martin F. Triano

UNITED STATES DISTRICT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| YUGEN KAISHA, Y.K.F.<br><br>    Plaintiff<br><br>vs.<br><br>STEPHANIE DODSON,<br><br>    Defendant. | Case No.: C-08-225-SC<br><br>**CERTIFICATE OF SERVICE** |

I am citizen of the United States, and a resident of the County of San Francisco; I am over the age of eighteen years, and not a party to the within action. My business address is 25 Jessie Street, 16th Floor, San Francisco, California 94105-2749.  On August 12, 2008 I served the following documents:

- ***COMPLAINT FOR DECLARATORY RELIEF IN THE INTERVENTION BY MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F. TRIANO***

On the parties listed, addressed as follows:

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

CERTIFICATE OF SERVICE

1

| | |
|---|---|
| JOEL BELWAY, ESQ.<br>235 MONTGOMERY STREET, SUITE 668<br>SAN FRANCISCO, CA 94104-2910 | JAMES S. MONROE, ESQ.<br>NIXON PEABODY LLP,<br>ONE EMBARCADERO CENTER, 18TH FLOOR<br>SAN FRANCISCO, CA 94111 |

**XXX**  **First Class Mail:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service to **JOEL BELWAY, ESQ**. and **JAMES S. MONROE, ESQ.** the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more one day after date of deposit for mailing an affidavit.

**Facsimile:** By transmitting a true and correct copy via facsimile electronic equipment transmission (fax) to (List names) at the fax number listed above.

**Overnight:** By placing the document(s) thereof into envelope(s) bearing the name(s) and address(es) of the person(s) to be served by Federal Express Delivery.

**STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**XXX**  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on August 12, 2008 in San Francisco, California.

Respectfully Submitted,

                                     Stacey Arriola
                                     Law Offices of Triano & Byrne
                                     25 Jessie Street, 16th Floor
                                     San Francisco, CA 94105

Dated: August 12, 2008

                               ___*/s/ Stacey Arriola*_____
                                  Stacey Arriola
                                  Legal Assistant

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

CERTIFICATE OF SERVICE

2