James S. Monroe, Esq. (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423

Gregory E. Schopf, Esq. (SBN 122862)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff Yugen Kaisha, Y.K.F.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE DODSON, <br><br> Defendant. | Case No. 3:08-cv-00225-SC <br><br> **YUGEN KAISHA, Y.K.F.'S ANSWER TO COUNTERCLAIM OF STEPHANIE DODSON** |
| STEPHANIE DODSON, <br><br> Counterclaimant, <br><br> v. <br><br> YUGEN KAISHA, Y.K.F., <br><br> Counterdefendant. | |

YUGEN KAISHA, Y.K.F.'S ANSWER TO COUNTERCLAIM OF
STEPHANIE DODSON; CASE NO.3:08-CV-00225-SC

## ANSWER TO COUNTERCLAIM OF STEPHANIE DODSON

COMES NOW, plaintiff and counterdefendant, Yugen Kaisha, Y.K.F. ("YKF"), and in answer to the counterclaim herein of Stephanie Dodson ("Dodson"), admits, denies and alleges as follows:

1. In response to paragraphs 1 and 2 of the counterclaim, YKF admits that Dodson paid a portion of the indebtedness of Smart Alec's Intelligent Food, Inc. ("Smart Alec's") to YKF under a certain Stock Redemption Agreement between YKF and Smart Alec's and denies the remaining allegations in said paragraphs.

2. YKF denies the allegations of paragraphs 3 and 4 of the counterclaim.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

3. The counterclaim fails to state sufficient facts to constitute a cause of action against YKF.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

4. Dodson has failed to mitigate damages, if, in fact, any damages have been sustained, and any recovery by Dodson shall be diminished or barred by reason of her failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Tender)

5. Dodson's claims are barred, in whole or in part, because she failed to tender payment to YKF.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

6. Dodson is barred from recovering the relief sought under the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

7. Dodson's counterclaim is barred, in whole or in part, because Dodson lacks standing to bring an action based on a contract where she was neither a party nor a third party beneficiary.

## SIXTH AFFIRMATIVE DEFENSE

### (Privity)

8. Dodson's counterclaim is barred, in whole or in part, because YKF and Dodson are not in privity of contract, and as such Dodson cannot bring suit against YKF based on any alleged rights arising under the subject agreements between YKF and Smart Alec's.

## RESERVATION OF RIGHTS

9. YKF reserves the right to assert additional defenses as may be established during the course of discovery.

WHEREFORE, YKF prays that Dodson take nothing by her counterclaim herein, that the court enter judgment on the counterclaim in favor of YKF, for costs of suit incurred herein, and for such other and further relief as the court deems just and proper.

Dated: August 20, 2008                                          Respectfully submitted,

MONROE LAW GROUP

By: */s/ James S. Monroe*
    James S. Monroe
Attorneys for Yugen Kaisha, Y.K.F.

# PROOF OF SERVICE

**CASE NAME:** YUGEN KAISHA, Y.K.F. v. STEPHANIE DODSON
**CASE NO.:** 3:08-cv-00225-SC

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 101 California Street, Suite 2450, San Francisco, CA 94111. On this date, I served the following document(s):

**Yugen Kaisha, Y.K.F.'s Answer to Counterclaim of Stephanie Dodson**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

_____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____: By Facsimile — From facsimile number  at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Joel K. Belway, Esq.
THE LAW OFFICES OF JOEL K. BELWAY
Professional Corporation
235 Montgomery Street, Suite 668
San Francisco, CA 94104

Mark D. Byrne, Esq.
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2008, at San Francisco, California.

*/s/ James S. Monroe*
James S. Monroe