1  James S. Monroe (SBN 102328)
   MONROE LAW GROUP
2  101 California Street, Suite 2450
   San Francisco, CA 94111
3  Telephone: (415) 869-1575
   Facsimile: (415) 723-7423
4
   Gregory E. Schopf (SBN 122862)
5  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
6  San Francisco, CA 94111-3996
   Telephone: (415) 984-8200
7  Facsimile: (415) 984-8300
8  Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.

Joel K. Belway (SBN 60556)
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery Street, Suite 668
San Francisco, CA 94104
Telephone: (415) 788-1702
Facsimile: (415) 788-1517

Attorney for Defendant, Stephanie Dodson

Mark D. Byrne (SBN 109268)
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, California 94105
Telephone: 415-371-8000
Facsimile: 415-371-8001

Attorneys for Intervenor, Martin F. Triano

9
10
11
12                    UNITED STATES DISTRICT COURT
13                  NORTHERN DISTRICT OF CALIFORNIA
14                     SAN FRANCISCO DIVISION

15

16  YUGEN KAISHA, Y.K.F.,                    Case No.: C-08-225-SC

17                        Plaintiff,         **JOINT CASE MANAGEMENT
                                             STATEMENT**
18          v.
                                             Case Management Conference
19  STEPHANIE DODSON,
                                             Date:      September 5, 2008
20                        Defendant.         Time:      10:00 a.m.
                                             Place:     Courtroom 1
21                                           Judge:     Hon. Samuel Conti

22              <u>**JOINT CASE MANAGEMENT STATEMENT**</u>

23        Plaintiff and Counterdefendant, Yugen Kaisha, Y.K.F. ("Plaintiff"), Defendant and

24  Counterclaimant, Stephanie Dodson ("Defendant" or "Dodson"), and Intervenor, Martin F. Triano

25  dba Law Offices of Martin F. Triano ("Triano"), by and through their respective counsel, as and for

26  their Joint Case Management Statement (the "Statement") pursuant to the *Standing Order for All*

27  *Judge of the Northern District of California*, respectfully state as follows:

28

1    1.    Jurisdiction and Service:

2    (a)    Jurisdiction.  Plaintiff contends that this court has jurisdiction of Plaintiff's complaint

3    pursuant to 28 U.S.C. § 1334 (based upon the Complaint's assertion of avoidance claims arising

4    under 11 U.S.C. §§548, 550 and 544(b)) and 28 U.S.C. §1332 (based upon Plaintiff being a citizen of

5    Japan and Defendant being a citizen of California and the amount in controversy exceeding $75,000).

6         While Defendant agrees that Plaintiff validly purchased the bankruptcy trustee's avoidance

7    rights, she contends that this court lacks subject matter jurisdiction under 28 U.S.C. 1334 or,

8    alternatively, Plaintiff lacks standing to assert its claims, in that neither Plaintiff nor Defendant is the

9    debtor, the trustee, or a creditor in the underlying Chapter 7 case, and success or failure by Plaintiff

10   has no impact on the bankruptcy estate.  In response, Plaintiff contends that the bankruptcy trustee's

11   sale of the avoidance action to Plaintiff that is the subject of Plaintiff's complaint is validated by

12   Ninth Circuit case law.  *Ducker Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc),* 177 F.3d

13   774, 781 (9th Cir. 1999); *Simantob v. Claims Prosecutor, L.L.C (In re Lahijani)*, 325 B.R. 282, 288

14   (9th Cir. BAP 2005).  .

15

16

17        (b)    Service.  All parties have been served.

18   2.    Facts:

19        (a)    Complaint.  Plaintiff's complaint seeks to avoid and recover Alexander N. Popov's

20   ("Popov" or the "Debtor") pre-bankruptcy petition transfer of 3,774,000 shares of common stock(the

21   "Popov Shares") of Smart Alec's Intelligent Food, Inc., a California corporation ("Smart Alec's") to

22   Defendant as a fraudulent conveyance under 11 U.S.C. §§ 548(a)(1)(A) and (B), and under 11 U.S.C.

23   §544(b)(1) and California Civil Code §§ 3439.04(a)(1) and 3439.05.  Plaintiff claims the right to

24   pursue this avoidance action pursuant to an assignment agreement that Plaintiff entered into with the

25   Chapter 7 Trustee of Popov's bankruptcy estate which was authorized and approved by order of the

26   bankruptcy court on July 31, 2007.  Plaintiff maintains that the Popov Shares were transferred to the

27

28   JOINT CASE MANAGEMENT STATEMENT        -2-
     CASE NO.  C-08-225-SC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant (now, Popov's wife) shortly before Popov filed for bankruptcy on September 6, 2005 with the actual intent to hinder, delay or defraud Popov's creditors by removing said shares from the bankruptcy estate and thereby retaining control of Smart Alec's to the exclusion of Popov's creditors.

Defendant disputes Plaintiff's contentions and contends she purchased the Popov Shares in April 2004, for reasonably equivalent value, Popov's residual interest in his shares of Smart Alec's that were pledged to Plaintiff as security for an obligation of hundreds of thousands of dollars. Defendant contends there was no actual or constructive fraud in her purchase of the residual interest in Popov's shares.

(b)    Counterclaim.  Defendant's counterclaim alleges a state law based contract claim regarding a Closing Agreement re Payoff of Secured Redemption Promissory Note dated March 12, 2007, which satisfied all obligations arising out of a Settlement Agreement dated February 6, 2004 among Plaintiff, Defendant, Popov (who is the Chapter 7 debtor herein) and Smart Alec's, and related agreements, including the Stock Redemption Agreement, dated February 6, 2004, between Smart Alec's and Plaintiff, whereby Smart Alec's agreed to repurchase Plaintiff's 1,440,000 shares of common stock of Smart Alec's (the "Plaintiff Shares").  This Stock Redemption Agreement was entered into as part of the Settlement Agreement, to settle a lawsuit filed by Plaintiff regarding a dispute concerning the accounting and management of Smart Alec's and the use of the funds Plaintiff invested in Smart Alec's to purchase the Plaintiff Shares.  Pursuant to the Settlement Agreement and Stock Redemption Agreement, Smart Alec's agreed to repurchase the Plaintiff Shares for $775,000 as provided therein.  On March 12, 2007, the balance due under the Stock Redemption Agreement was paid to Plaintiff and the Plaintiff Shares were transferred to Smart Alec's.

By the counterclaim, Defendant alleges that Plaintiff delayed the payoff of the amount due under the Settlement Agreement and Stock Redemption Agreement, causing additional amounts to

have to be paid at the closing for accrued interest and attorneys' fees, and based thereon, seeks money

damages from Plaintiff, contending that Plaintiff's actions constituted a bad faith breach of contract.

(c.)    Complaint in Intervention.

Triano has filed a Complaint in Intervention seeking Declaratory Relief in regard to the rights

and remedies, if any, possessed by Triano pursuant to an alleged secured interest in the shares of

stock formerly owned by the Debtor, who transferred such shares to Stephanie Dodson, who is now

married to the Debtor.  The transaction for the sale of such shares is also the subject of the Plaintiff's

complaint herein.

Triano seeks a judgment of declaratory relief from this court that (a) he holds a valid proof of

claim in the Debtor's estate; (b) he is entitled to recover in this Adversary Proceeding based upon his

proof of claim (c) he possesses a valid security interest on the Shares of stock formerly held by

Debtor and now held by Defendant; (d) he possesses a valid security interest in the proceeds from the

Shares formerly held by Debtor and now held by Defendant; (e) any amounts recovered by Plaintiff

in this action are proceeds of the Shares and should be paid directly to him pursuant to his secured

interest in the Shares; and (e) attorneys fees and costs incurred herein are collectable under the Note.

3.    Legal Issues:

(a)    Legal Issues Asserted by the Plaintiff

(i)  Whether the Transfer, to the extent it is avoided pursuant to § 548 of the

Bankruptcy Code, may be recovered by the Plaintiff pursuant to § 550(a)(1) of the Bankruptcy Code.

(ii)  Whether the Transfer is voidable by the Unsecured Creditors under California

Civil Code § 3439.04(a)(1) and is voidable by Plaintiff as assignee of the Trustee pursuant to

Bankruptcy Code §544(b)(1).

(iii)  Whether the Debtor was: (1) insolvent on the date of the Transfer, or became

insolvent as a result of the Transfer; and/or (ii) engaged in business or a transaction for which any

JOINT CASE MANAGEMENT STATEMENT                    -4-
CASE NO.  C-08-225-SC

property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of the Transfer.

(vi)  Whether the Transfer is voidable by the Unsecured Creditors under California Civil Code § 3439.05 and is voidable by Plaintiff as assignee of the Trustee pursuant to Bankruptcy Code § 544(b)(1).

(v)  Whether the Plaintiff is entitled to injunctive Relief under Rule 7065 of the Federal Rules of Bankruptcy Procedure and California Civil Code § 3439.07.

(vi)  Whether the Defendant is entitled to a jury trial in the Action or on her Counterclaim.

(vii)  Whether Defendant's counterclaim is barred because she failed to tender payment to Plaintiff or mitigate her alleged damages.

(viii)  Whether Defendant is barred from recovering on her counterclaim by the doctrines of waiver and estoppel.

(ix)  Whether Defendant's counterclaim is barred because Defendant lacks standing to bring an action on the subject Stock Redemption Agreement where she was neither a party nor a third party beneficiary.

(x)  Plaintiff has not yet filed an answer to Triano's complaint in intervention and reserves the right to assert any and all legal issues/defenses regarding Triano's claims.

(b)        Legal Issues Asserted by the Defendant:

(i)  Whether this court has jurisdiction over this matter.

(ii)  Whether Plaintiff has standing to assert the claims against Defendant.

(iii)  Whether the Plaintiff's actions constituted a bad faith breach of contract, entitled the Defendant to general, special and punitive damages.

(iv)  Whether the findings by the bankruptcy court in Triano v. Popov, A.P. No. 05-3485 are collateral estoppel in this court.

(v)  Whether Plaintiff must furnish security for costs.

(vi)  Whether the action must be dismissed because Plaintiff, a Japanese corporation, has not qualified to transact business in California.

(vii)  Whether Triano's proof of claim in Popov's bankruptcy is collateral estoppel in this adversary proceeding in which Popov is not a party.

(viii)  Defendant has not yet filed an answer to Triano's complaint in intervention and reserves the right to assert any and all legal issues/defenses regarding Triano's claims.

(c)    <u>Legal Issues Asserted by Triano</u>.

(i)  Whether Triano possesses a valid security interest on the Shares of stock formerly held by Debtor and now held by Defendant Stephanie Dodson;

(ii) Whether Triano holds a valid secured proof of claim in the Debtor's estate;

(iii) Whether Triano possesses a valid security interest in the proceeds from the Shares formerly held by Debtor and now held by Defendant Stephanie Dodson;

(iv) Whether, in the event that Plaintiff recovers the Shares pursuant to this action, Triano possesses a valid security interest in the Shares which will continue upon any transfer of such Shares to Plaintiff;

(v) Whether, in the event that Plaintiff should recover damages in this action, the proceeds therefrom should be paid directly to Triano in an amount according to proof as proceeds from the Shares pursuant to Triano's alleged secured interest in the Shares;

(vi) Whether Attorneys fees and costs incurred herein are collectable under the Note;

(vii) Whether Triano is entitled to recover in this action based upon Triano's Proof

of Claim in an amount according to proof.

4.    Motions:

    (a)    Prior Motions:

        (i)  Defendant filed a motion for abstention or, in the alternative, to stay this action, and to require Plaintiff to post security for costs.  This motion was denied by order entered on August 11, 2008.

        (ii)  Triano filed a motion to intervene in this action which was granted by order entered on August 11, 2008.

    (b)    Anticipated Motions:

    Plaintiff presently anticipates filing a motion to strike Defendant's jury trial demand under Rule 39(a)(2) of the Federal Rules of Civil Procedure and may file a motion for injunctive relief as prayed for in the complaint.

5.    Amendment of Pleadings:

    The Parties do not presently anticipate that any further amendment of pleadings will be necessary.

6.    Evidence Preservation:

    The Parties have taken all reasonable steps to preserve evidence relevant to the issues reasonably evident in the action, including the preservation of all computer data and physical documents and records since the filing of this Action.

7.    Disclosures:

    The Parties have not yet made the initial disclosures required by Fed. R. Civ. P. 26 as the bankruptcy court stayed disclosures and all discovery in this action, pending further order of the court, at the status conference held on November 15, 2007.

8.    Discovery:

No discovery has been taken to date in this Action as a result of the bankruptcy court's stay order discussed in Section 7 hereof. Plaintiff requests that a discovery cutoff date be set for March 16, 2009 (meaning that all responses to written discovery requests are due on or before this date and all depositions must be completed on or before this date, except for discovery with respect to expert witnesses).

9.    Class Action:

Not Applicable.

10.    Related Cases:

There are no pending related actions between Plaintiff and Defendant. There are several actions between Triano, on the one hand, and Defendant and Popov, on the other, as follows: (a) Case No. CGC-04-427956 pending in the San Francisco Superior Court, which has been ordered to binding arbitration (which Defendant contends is stayed by Popov's bankruptcy and Plaintiff believes is not stayed by the bankruptcy), which concerns Triano's attorney's fees claim against Popov (which has now been discharged, except as may be allowed as a setoff), as well as a claim for fees against Dodson and Popov's malpractice claims against Triano; and (b) Case No. RG-07-322877 pending in the Alameda County Superior Court which involves, *inter alia,* a further attempt by Triano to recover the attorney's fees claimed due from Smart Alec's and Defendant and establish his claimed security interest in the Popov Shares transferred to Defendant.

11.    Relief:

(a)    Relief Sought by the Plaintiff in the Complaint:

The Plaintiff seeks the following relief: (i) that the Transfer of the Shares to Defendant be set aside and declared null and void; (ii) that the Defendant be required to transfer and deliver up the Shares to Plaintiff; (iii) that Defendant and her representatives, attorneys, and agents be enjoined and

restrained from selling, transferring, conveying, or otherwise disposing of any of the Shares or of any interest therein until Plaintiff's rights to the Shares have been fully adjudicated and that a temporary restraining order and preliminary injunction be granted to Plaintiff; (iv) that the judgment herein be declared a lien on the Shares; (v) that an order be made declaring that the Defendant holds the Shares in trust for the Plaintiff; (vi) that Defendant be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for the Shares and/or attributable to her equity interest in Smart Alec's based upon the Shares; (vii) that if the Defendant has disposed of any of the Shares or any interest therein, that she be required to account to Plaintiff for the proceeds; (viii) for compensatory damages according to proof;  (ix) for costs of suit incurred herein; and (x) for such other and further relief as the Court may deem proper.

(b)     Relief Sought by the Defendant in her Counterclaim:

The Defendant seeks the following relief: (i) for judgment in favor of the Defendant and against the Plaintiff for general, special and punitive damages, according to proof at trial; (ii) costs of suit incurred; (iii) attorneys fees to the extent allowed by law; and (iv) such other and further relief as the Court may deem meet in the premises.

(c)     Relief Sought by Triano in his Complaint in Intervention.

Triano seeks declaratory relief from this Court that: (i) he holds a valid proof of claim in the Debtor's estate; (ii) he is entitled to recover in this Adversary Proceeding based upon his proof of claim (iii) he possesses a valid security interest on the Shares of stock formerly held by Debtor and now held by Defendant; (iv) he possesses a valid security interest in the proceeds from the Shares formerly held by Debtor and now held by Defendant; (v) any amounts recovered by YKF in this action are proceeds of the Shares and should be paid directly to him pursuant to his secured interest in the Shares; and (vi) attorneys fees and costs incurred herein are collectable under the Note by Triano.

12.     Settlement and ADR:

        Plaintiff and Triano are willing to stipulate to an ENE or mediation session at this time and does not believe that any prior discovery is necessary.  No ADR efforts have been taken by the Parties to date.

13.     Consent to Magistrate Judge for All Purposes:

        Plaintiff does not consent to a magistrate judge to conduct all further proceedings including trial and entry of judgment; Dodson and Triano do so consent.

14.     Other References:

        This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues:

        The parties do not presently request bifurcation of issues, claims, or defenses.

16.     Expedited Schedule:

        This case cannot be handled on an expedited basis with streamlined procedures.

17.     Scheduling:

        The parties propose that (a) initial disclosures be exchanged on or before September 15, 2008, (b) the completion of discovery as set forth in Section 8 hereof, (c) the disclosure of expert witnesses on or before March 2, 2009, (d) the filing of all potentially dispositive motions by April 17, 2009, and (e) the setting of a pretrial conference for shortly after the expiration of the discovery period, which shall deal with the discovery period for expert witnesses and the briefing and trial schedule; and (e) the case should be ready for trial by July 2009.   See the parties' Joint Discovery Plan, which is incorporated herein by reference.  Such Joint Discovery Plan has been submitted together with this Joint Case Management Conference Statement.

18.    Trial:

The Defendant has requested a jury trial.  The Plaintiff objects to this request for all purposes in this Action and contends that the Defendant is not entitled to a jury trial on the issues asserted in Plaintiff's Complaint and that the Defendant has waived her right to a jury trial on her Counterclaim by electing to file her counterclaim herein (which Plaintiff contends is permissive).

19.    Disclosure of Non-Party Interested Entities or Person:

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16, certifying as follows: Plaintiff is 83% owned by Sejii Tahahashi and 17% owned by Fuji Chemical, Ltd.  Defendant has filed her certification, certifying as follows: Alexander N. Popov, Defendant's husband; and Smart Alec's.  Triano has filed his certification indicating that he is the sole owner of the Law Offices of Martin F. Triano.

Dated:  August 28, 2008                          MONROE LAW GROUP


                                                 By:  /s/ James S. Monroe_____
                                                      James S. Monroe
                                                 Attorneys for Yugen Kaisha, Y.K.F.

Dated:  August 28, 2008                          LAW OFFICE OF JOEL K. BELWAY


                                                 By:  /s/ Joel K. Belway_____
                                                      Joel K. Belway
                                                 Attorney for Stephanie Dodson

Dated:  August 28, 2008                          LAW OFFICES OF TRIANO & BYRNE


                                                 By:  /s/ Mark D. Byrne_____
                                                      Mark D. Byrne
                                                 Attorneys for Martin F. Triano