James S. Monroe, Esq. (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423

Gregory E. Schopf, Esq. (SBN 122862)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff, Yugen Kaisha, Y.K.F.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE DODSON, <br><br> Defendant. | Case No. C-08-225-SC <br><br> **YUGEN KAISHA, Y.K.F.'s ANSWER TO COMPLAINT IN INTERVENTION OF MARTIN F. TRIANO** |

COMES NOW, plaintiff, Yugen Kaisha, Y.K.F. ("YKF"), and in answer to the complaint in intervention (the "Complaint") of Martin F. Triano DBA Law Offices of Martin F. Triano ("Triano"), admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. YKF admits the allegations of paragraph 1 of the Complaint.

2. YKF admits the allegations of paragraph 2 of the Complaint.

3. YKF admits the allegations of paragraph 3 of the Complaint.

4. YKF admits the allegations of paragraph 4 of the Complaint.

5. YKF admits the allegations of paragraph 5 of the Complaint.

6. YKF admits the allegations of paragraph 6 of the Complaint.

**PARTIES AND BACKGROUND FACTS**

7. YKF admits the allegations of paragraph 7 of the Complaint.

8. YKF admits the allegations of paragraph 8 of the Complaint.

9. YKF admits the allegations of paragraph 9 of the Complaint.

10. YKF admits the allegations of paragraph 10 of the Complaint.

11. YKF is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint and, therefore, denies same.

12. YKF is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint and, therefore, denies same.

13. In response to paragraph 13 of the Complaint, YKF admits that Alexander Popov ("Popov") was the president of Smart Alec's Intelligent Food, Inc. ("Smart Alec's") until approximately February 2004, states that it is informed and believes that Popov was the majority shareholder of Smart Alec's until the date of his transfer of said shares to Stephanie Dodson ("Dodson") in or about August 2005, and denies the remaining allegations of said paragraph.

14. YKF is without sufficient information to admit or deny the allegations of paragraph 14 of the Complaint and, therefore, denies same.

15. YKF denies the allegations of paragraph 15 of the Complaint as the alleged guarantee was not authorized by Smart Alec's.

16. YKF is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint and, therefore, denies same.

17. YKF is without sufficient information to admit or deny the allegations of paragraph 17 of the Complaint and, therefore, denies same.

18. YKF admits the allegations of paragraph 18 of the Complaint.

19. YKF is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint and, therefore, denies same.

20. YKF denies the allegations of paragraph 20 of the Complaint.

21. YKF is without sufficient information to admit or deny whether or not Dodson is Smart Alec's president as alleged in paragraph 21 of the Complaint and, therefore, denies same, and denies the remaining allegations of said paragraph.

22. In response to paragraph 22 of the Complaint, YKF admits that Popov filed a chapter 7 bankruptcy case on or about September 6, 2005, was subsequently granted a discharge from his debts, and that such bankruptcy discharge had no effect on any rights that Triano may have as a secured creditor of Popov, and denies the remaining allegations of said paragraph.

23. YKF is without sufficient information to admit or deny the allegations of paragraph 23 of the Complaint and, therefore, denies same.

24. In response to paragraph 24 of the Complaint, YKF admits that Triano filed a timely proof of claim in Popov's bankruptcy case and denies the remaining allegations of said paragraph.

25. In response to paragraph 25 of the Complaint, YKF admits that Dodson obtained a loan from Summit Bank which was used to pay a portion of Smart Alec's indebtedness to YKF under a certain Stock Redemption Agreement, is informed and believes that Summit Bank's loan is secured by a first lien against the shares of Smart Alec's that Popov transferred to Dodson, and denies the remaining allegations of said paragraph.

26. YKF is without sufficient information to admit or deny the allegations of paragraph 26 of the Complaint and, therefore, denies same.

27. YKF is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint and, therefore, denies same.

28. In response to paragraph 28 of the Complaint, YKF admits that its complaint was filed herein on the date alleged and contains the stated allegations among others.

## FIRST CAUSE OF ACTION

**(Declaratory Relief as to Dodson and YKF)**

29. YKF incorporates paragraphs 1 – 28 of its answer as though fully set forth herein.

30. YKF is without sufficient information to admit or deny the allegations of paragraph 30

of the Complaint and, therefore, denies same.

31.    In response to paragraph 31, YKF admits that Dodson did not receive the transfer of Popov's shares of Smart Alec's in good faith and did not pay reasonably equivalent value therefore, and states that it is without sufficient information to admit or deny the remaining allegations of said paragraph and, therefore, denies same.

32.    YKF is without sufficient information to admit or deny the allegations of paragraph 32 of the Complaint and, therefore, denies same.

33.    YKF is without sufficient information to admit or deny the allegations of paragraph 33 of the Complaint and, therefore, denies same.

34.    YKF is without sufficient information to admit or deny the allegations of paragraph 34 of the Complaint and, therefore, denies same.

35.    In response to paragraph 35 of the Complaint, YKF denies that Triano is a secured creditor of Popov's bankruptcy estate solely by virtue of its proof of claim, admits that YKF purchased the right to pursue the avoidance action that is the subject of YKF's complaint herein from the bankruptcy estate and that said purchase had no effect on valid security interests, and denies the remaining allegations of said paragraph.

36.    YKF admits the allegations of paragraph 36 of the Complaint.

37.    YKF denies the allegations of paragraph 37 of the Complaint. YKF, by its complaint herein, seeks only to have the transfer of shares from Popov to Dodson set aside as a fraudulent conveyance and seeks no affirmative relief regarding any security interest in the shares that Triano may have or claim.

38.    YKF denies the allegations of paragraph 38 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

39.    The Complaint fails to state sufficient facts to constitute a cause of action against YKF.

## SECOND AFFIRMATIVE DEFENSE

40.    Triano is barred from recovering on the note allegedly executed by Popov, pursuant to

11 U.S.C. § 524(a), as a result of Popov having received a bankruptcy discharge from all debts, including said note.

### THIRD AFFIRMATIVE DEFENSE

41. Any and all causes of action by Triano to enforce the alleged security agreement executed by Popov are barred by the four (4) year statute of limitations of California Code of Civil Procedure § 337(1).

### FOURTH AFFIRMATIVE DEFENSE

42. The validity of any secured claim that Triano may have with respect to the subject shares of stock was not determined in Popov's bankruptcy case since said shares were not property of the bankruptcy estate.

### FIFTH AFFIRMATIVE DEFENSE

43. YKF is informed and believes, and based thereon alleges, that even if Triano were to have a valid security interest in the shares, he would have no right to possession of the shares, to foreclose or otherwise enforce his security interest in the shares, or to any proceeds of the shares as a result of the senior security interest therein of Summit Bank which remains unsatisfied.

### RESERVATION OF RIGHTS

44. YKF reserves the right to assert additional defenses as may be established during the course of discovery.

WHEREFORE, YKF prays that Triano take nothing by his Complaint in Intervention herein, that the court enter judgment on the Complaint in Intervention in favor of YKF, for costs of suit incurred herein, and for such other and further relief as the court deems just and proper.

Dated: September 2, 2008                                   Respectfully submitted,


                                                           MONROE LAW GROUP


                                                           By: */s/ James S. Monroe*
                                                               James S. Monroe
                                                           Attorneys for Yugen Kaisha, Y.K.F.

**PROOF OF SERVICE**

**CASE NAME:  YUGEN KAISHA, Y.K.F. v. STEPHANIE DODSON**
**CASE NO.:      3:08-cv-00225-SC**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 101 California Street, Suite 2450, San Francisco, CA 94111. On this date, I served the following document(s):

**Yugen Kaisha, Y.K.F.'s Answer to Complaint in Intervention of Martin F. Triano**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

_____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____: By Facsimile — From facsimile number  at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Joel K. Belway, Esq.
THE LAW OFFICES OF JOEL K. BELWAY
Professional Corporation
235 Montgomery Street, Suite 668
San Francisco, CA 94104

Mark D. Byrne, Esq.
LAW OFFICES OF TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 2, 2008, at San Francisco, California.

*/s/ James S. Monroe*
James S. Monroe