```
 1  JOEL K. BELWAY [60556]
    THE LAW OFFICE OF JOEL K. BELWAY
 2  Professional Corporation
    235 Montgomery Street, Suite 668
 3  San Francisco, California 94104
    Telephone:  415-788-1702
 4  Facsimile:  415-788-1517

 5  Attorney for Defendant
    STEPHANIE DODSON
 6
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| YUGEN KAISHA, Y.K.F., | Case No. C-08-225-SC |
| Plaintiff, | **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF IN INTERVENTION BY MARTIN F. TRIANO DBA LAW OFFICES OF MARTIN F. TRIANO AND DEMAND FOR JURY** |
| vs. | |
| STEPHANIE DODSON, | |
| Defendant. | |

COMES NOW defendant, STEPHANIE DODSON ("Dodson"), and in answer to the Complaint for Declaratory Relief in Intervention ("Complaint") by plaintiff Martin F. Triano ("LOMT"), admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Defendant denies the allegations of paragraph 1.
2. Defendant admits the allegations of paragraph 2.
3. Defendant admits the allegations of paragraph 3.
4. Defendant admits the allegations of paragraph 4.
5. Defendant admits the allegations of paragraph 5.
6. Defendant denies the allegations of paragraph 6.

7.   Defendant admits the allegations of paragraph 7.

8.   Defendant admits the allegations of paragraph 8.

9.   Defendant admits the allegations of paragraph 9.

10.  Defendant admits the allegations of paragraph 10.

11.  Defendant admits the allegations of paragraph 11.

12.  Dodson admits the allegations of paragraph 12.

13.  Dodson admits the allegations of paragraph 13.

14.  Answering paragraph 14, Dodson admits that the terms of the Note are as stated therein and not otherwise, and that the Note contains a provision for the payment for attorneys' fees and costs incurred in its enforcement.  Dodson denies that the Note was for payment of any fees other than those incurred in LOMT's representation of Debtor in connection with the Bantry Bay litigation referred to in paragraph 12 if the Complaint.  Dodson alleges that any security in Debtor's shares of stock in Smart Alec's was limited to security for payment of the fees relating to the Bantry Bay litigation.

15.  Answering paragraph 15, Dodson admits that Debtor, on behalf of Smart Alec's, signed a written guaranty.  Dodson denies that the guaranty was for anything other than payment of fees incurred by LOMT in representation of Debtor in the Bantry Bay litigation.

16.  Dodson lacks sufficient information or belief to admit or deny the allegations of paragraph 16 of the Complaint and upon such grounds denies them.

17.  Dodson admits the allegations of paragraph 17.

18.  Dodson admits the allegations of paragraph 18.

19.  Dodson denies the allegations of paragraph 19.

20. Answering paragraph 20, Dodson admits and alleges that Debtor transferred his residual interest in the Shares to Dodson pursuant to the share purchase agreement for the sum of $12,500.00. Dodson lacks sufficient information to admit or deny the allegations regarding LOMT's notice of the transfer. Except as expressly admitted, or denied for lack of information, Dodson denies the allegations of paragraph 20.

21. Dodson admits the allegations of paragraph 21.

22. Dodson denies that LOMT continues to possess a secured interest in the Shares now owned by Dodson. Except as expressly denied, Dodson admits the allegations of paragraph 22.

23. Dodson denies the allegations of paragraph 23.

24. Dodson admits and alleges that LOMT presented a proof of claim in the Bankruptcy Court and denies the remaining allegations of said paragraph.

25. Dodson admits that she obtained a loan to pay off an obligation to YKF incurred pursuant to a settlement agreement among Debtor, YKF and Dodson. Dodson alleges that Summit Bank, the lender, is secured by a first lien against the Shares of Smart Alec's, the residual interest in which Debtor transferred to Dodson. Dodson denies the remaining allegations of said paragraph.

26. Dodson lacks sufficient information to admit or deny the allegations of paragraph 26 and upon such grounds denies the same.

27. Dodson alleges that LOMT's action is pending in the Alameda County Superior Court and otherwise admits the allegations of paragraph 27.

ANSWER TO COMPLAINT

28. Answering paragraph 28, Dodson admits that the allegations in YKF's Complaint herein are as stated therein and not otherwise. Except as admitted, Dodson denies the allegations of paragraph 28.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

29. Dodson incorporates paragraphs 1 through 28 as set forth hereinabove.

30. Answering paragraph 30, Dodson admits and alleges that the terms of the Note are as stated therein and not otherwise, including any provision for a secured interest in the Shares and for attorneys' fees. Dodson denies that any security interest in the Shares was perfected by LOMT.

31. Dodson denies the allegations of paragraph 31.

32. Dodson denies the allegations of paragraph 32.

33. Dodson admits the allegations of paragraph 33.

34. Dodson admits the allegations of paragraph 34.

35. In response to paragraph 35 of the Complaint, Dodson denies that Triano is a secured creditor of Debtor's estate pursuant to LOMT's proof of claim and admits that YKF purchased the right to pursue the avoidance action that is the subject of YKF's Complaint from the bankruptcy estate subject to the interest of validly perfected secured claims with respect to the same.

36. Dodson admits the allegations of paragraph 36.

37. Dodson lacks sufficient information or belief to admit or deny the allegations of paragraph 37 and upon such grounds denies the same.

38. Answering paragraph 38, Dodson admits that LOMT desires a judicial determination of the matters set forth in paragraph 38, but denies that LOMT is entitled to any relief as to Dodson.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Dodson on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

LOMT is barred from recovering upon the Note as a result of Debtor's having received a discharge in bankruptcy.

### THIRD AFFIRMATIVE DEFENSE

Dodson is informed and believes and thereon alleges that any and all claims by LOMT to enforce the alleged security agreement executed by Debtor are barred by the applicable statutes of limitations, including but not limited to California CCP § 337(1).

### FOURTH AFFIRMATIVE DEFENSE

The validity of any secured claim that LOMT may have with respect to the Shares was not determined in Debtor's bankruptcy case because the Shares were not property of the bankruptcy estate.

### FIFTH AFFIRMATIVE DEFENSE

Dodson is informed and believes and herein alleges that even if LOMT were to have a valid security interest in the Shares, LOMT would have no right to possession of the Shares, to foreclose or otherwise enforce any security interest in the Shares, or to any proceeds of the Shares, as a result of the senior security interest therein of Summit Bank which remains unsatisfied.

**SIXTH AFFIRMATIVE DEFENSE**

Any claim of LOMT against Dodson is subject to Dodson's right of setoff as to claims she holds against Triano, including a claim for legal malpractice.

**SEVENTH AFFIRMATIVE DEFENSE**

The Note was only for legal services relating to LOMT's representation of Debtor in litigation involving Bantry Bay, which Debtor paid prior to the transfer of his residual interest in the Shares to Dodson.  Debtor's interest in the Shares was therefore superior to LOMT's claim of interest and LOMT was not harmed by the transfer of Debtor's residual interest in the shares to Dodson.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claim under the Note, or as to any security for the Note, is barred because of the invalidity of the Note for reasons of fraud, unconscionability and illegality.

**NINTH AFFIRMATIVE DEFENSE**

Any claim by LOMT for recovery is barred by the doctrine of laches in that Dodson alleges that the Note was only for fees relating to the Bantry Bay litigation, and to the extent that LOMT disagreed that Debtor had paid off the legal bills for the Bantry Bay representation, LOMT should have taken action.  By its failure to do so, Debtor was entitled to rely on the absence of action by LOMT in transferring the residual right in the Shares to Dodson.

**TENTH AFFIRMATIVE DEFENSE**

Any claims by LOMT are barred by the doctrine of estoppel, in that the actions and inactions of LOMT were inequitable and

wrongful as to Debtor and a recovery under the Note should be barred, including any claim for security in the Shares.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of LOMT are barred by the doctrine of unclean hands, as to LOMT's actions with respect to the Note.

## TWELFTH AFFIRMATIVE DEFENSE

Dodson is informed and believes and thereon alleges that LOMT has no legal direct interest in the Shares and therefore the transfer of Debtor's residual interest in the Shares to Dodson did not impair any legally protectible interest in the Shares by LOMT.

## THIRTEENTH AFFIRMATIVE DEFENSE

Dodson is informed and believes and thereon alleges that LOMT is barred from any claim with respect to the Shares because of his breach of contract with Debtor and because of the malpractice by LOMT alleged by Debtor.

WHEREFORE, Dodson prays for judgment as follows:

1. That Triano take nothing and for judgment in favor of Dodson;

2. for costs of suit;

3. for reasonable attorneys fees to the extent allowed by law; and

4. such other and further relief as the Court may deem meet in the premises.

Dated: September 4, 2008        THE LAW OFFICE OF JOEL K. BELWAY
                                Professional Corporation


                                /s/JOEL K. BELWAY
                                Attorney for Stephanie Dodson

**DEMAND FOR JURY**

Defendant Stephanie Dodson hereby demands trial by jury.

Dated: September 4, 2008    THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation


/s/ JOEL K. BELWAY
Attorney for Stephanie Dodson

1172.1\Answer 4

**DECLARATION OF SERVICE**

I am over the age of eighteen years and not a party to the within action. On September 4, 2008, I served the attached **Answer to Complaint for Declaratory Relief in Intervention by Martin F. Triano dba Law Offices of Martin F. Triano** on the interested parties in this action by placing true copies thereof in sealed envelopes and transmitting said envelopes to the following addresses by the means indicated:

<u>Via First-Class U.S. Mail</u>

James S. Monroe, Esq.
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111

Gregory E. Schopf, Esq.
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996

U.S. Trustee
235 Pine Street, Ste. 850
San Francisco, California 94104

Mark D. Byrne, Esq.
Law Offices of Triano & Byrne
25 Jessie Street, 16th Floor
San Francisco, CA 94105

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2008, at San Francisco, California.

/s/ <u>JOEL K. BELWAY</u>