UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| YUGEN KAISHA, Y.K.F., et al. | No. C08-0225 SC (BZ) |
| Plaintiff(s), | **ORDER SCHEDULING SETTLEMENT CONFERENCE** |
| v. |   |
| STEPHANIE DODSON, |   |
| Defendant(s). |   |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Thursday, June 4, 2009, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery

1

1 | informally and expeditiously.

2 |     Lead trial counsel shall appear at the Settlement
3 | Conference with the parties.  Any party who is not a natural
4 | person shall be represented by the person or persons **not**
5 | **directly involved** in the events which gave rise to the
6 | litigation but with **full** authority to negotiate a settlement.  A
7 | person who needs to call another person not present before
8 | accepting, rejecting or making any settlement offer does not
9 | have full authority.  If a party is a governmental entity, its
10 | governing body shall designate one of its members or a senior
11 | executive to appear at the Settlement Conference with authority
12 | to participate in the Settlement Conference and, if a tentative
13 | settlement agreement is reached, to recommend the agreement to
14 | the governmental entity for its approval.  An insured party
15 | shall appear with a representative of the carrier with full
16 | authority to negotiate up to the limits of coverage.  The Court
17 | shall be notified immediately if the carrier declines to attend.
18 | Personal attendance of a party representative will rarely be
19 | excused by the Court, and then only upon separate written
20 | application demonstrating substantial hardship served on
21 | opposing counsel and lodged as early as the basis for the
22 | hardship is known.

23 |     Each party shall prepare a Settlement Conference Statement,
24 | which must be served on opposing counsel and lodged (not faxed)
25 | with my chambers no later than seven calendar days prior to the
26 | conference.  The Statement shall **not** be filed with the Clerk of
27 | the Court.  The Statement **may** be submitted on CD-ROM with
28 | hypertext links to exhibits.  Otherwise, the portion of exhibits

2

on which the party relies **shall** be highlighted.  The Settlement Conference Statement shall not exceed ten pages of text and twenty pages of exhibits and shall include the following:

    1.   A brief statement of the facts of the case.

    2.   A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.   A summary of the proceedings to date and any pending motions.

    4.   An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    5.   For any party seeking relief, a description of the relief sought, including an itemization of damages.

    6.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions. The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. Accordingly, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference.  If plaintiff seeks attorney's fees and costs, plaintiff's counsel shall either include the fee claim in the demand or make a separate, simultaneous demand for fees and costs.  Counsel shall be prepared at the conference to provide sufficient information to defendant to enable the fee claim to be evaluated for purposes of settlement.  The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

1     Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party wishes not to share with opposing counsel.  The more candid the parties are, the more productive the conference will be.  This document shall not be served on opposing counsel.

    It is not unusual for conferences to last three or more hours.  Parties are encouraged to participate and frankly discuss their case.  Statements they make during the conference will not be admissible at trial in the event the case does not settle.  The parties should be prepared to discuss such issues as:

    1. Their settlement objectives.

    2. Any impediments to settlement they perceive.

    3. Whether they have enough information to discuss settlement.  If not, what additional information is needed.

    4. The possibility of a creative resolution of the dispute.

    The parties shall notify Magistrate Judge Zimmerman's chambers immediately if this case settles prior to the date set for settlement conference.  Counsel shall provide a copy of this order to each party who will participate in the conference.

Dated: April 22, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-refs\refs.09\kaisha sc.wpd